CHAD A. READLER
Acting Assistant Attorney General
DIANA J. YOUNTS
Senior Trial Counsel
United States Department of Justice
Civil Division
Commercial Litigation Branch
175 N Street, N.E., Room 10139
Washington, D.C.  20004
Telephone: (202) 302-8586
Diana.Younts@usdoj.gov

McGREGOR W. SCOTT
United States Attorney
JOHN R. EDWARDS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for the United States

**FILED**

**Jun 05, 2018**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, Brian Markus,<br><br>Plaintiffs,<br><br>v.<br><br>AEROJET ROCKETDYNE HOLDINGS, INC., a Corporation and AEROJET ROCKETDYNE, INC., a Corporation,<br><br>Defendants. | CASE NO. 2:15-cv-2245 WBS-AC<br><br>**THE UNITED STATES' NOTICE OF ELECTION TO DECLINE INTERVENTION** |

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B), the United States notifies the Court of its decision not to intervene in this action.

Although the United States declines to intervene, we respectfully refer the Court to 31 U.S.C. § 3730(b)(1), which allows the relator to maintain the action in the name of the United States; providing, however, that the "action may be dismissed only if the court and the Attorney General give written

consent to the dismissal and their reasons for consenting." *Id*.  The United States Court of Appeals for the Ninth Circuit has held that, notwithstanding this language, the United States has the right only to a hearing when it objects to a settlement or dismissal of the action.  *U.S. ex rel. Green v. Northrop Corp.*, 59 F.3d 953, 959 (9th Cir. 1995); *U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 723-25 (9th Cir. 1994).  Therefore, the United States requests that, should either the relator or the defendants propose that this action be dismissed, settled, or otherwise discontinued, this Court provide the United States with notice and an opportunity to be heard before ruling or granting its approval.

Furthermore, pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all pleadings filed in this action be served upon the United States; the United States also requests that orders issued by the Court be sent to the United States' counsel.  The United States reserves its right to order any deposition transcripts, to intervene in this action, for good cause, at a later date, and to seek the dismissal of the relator's action or claim.  The United States also requests that it be served with all notices of appeal.

The United States respectfully requests that the relator's Amended Complaint, this Notice, and the attached [Proposed] Order be unsealed.  The United States requests that all other papers filed in this action remain under seal because, in discussing the content and extent of the federal investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.  Congress recognized the need to protect these private communications between the government and the Court when it expressly provided for extension requests to be filed in camera, shared not even with the *qui tam* relator who filed the case. *See* 31 U.S.C. § 3730(b)(3).  When the False Claims Act expressly provides for the sealing of such extension requests, it says nothing of such requests being unsealed at any time.  Accordingly, the United States' confidential investigation information should remain under seal.[1]

---

[1] Confidentiality is paramount in False Claims Act investigations, not merely because the government's task of enforcing the False Claims Act in any individual case often becomes more difficult when a defendant learns it is under investigation, but also because knowing the government's investigatory techniques and processes can provide violators with a roadmap to evade detection or to thwart the government's enforcement efforts.  *FTC v. Grolier Inc.*, 462 U.S. 19, 31 (1983) (Brennan, J. concurring) (those intent on defrauding the government would "gain insight into the [government's] general strategic and tactical approach to deciding when suits are brought, how they are conducted, and on what terms they may be settled.")  Unsealing extension requests is thus inconsistent with the purpose

1 | A proposed order accompanies this notice.

Dated: June 5, 2018

                           McGREGOR W. SCOTT
                           United States Attorney

            By:    */s/ John R. Edwards*
                  JOHN R. EDWARDS
                  Assistant U.S. Attorney
                  Attorneys for the United States

---

of the False Claims Act's *qui tam* provisions to "aid in the effort to root out fraud against the government." *United States ex rel. Williams v. NEC Corp.*, 931 F.2d 1493, 1497 (11th Cir. 1991).

## CERTIFICATE OF SERVICE BY U.S. MAIL

The undersigned hereby certifies that she is employed by the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers;

That on June 5, 2018, she served a copy of:

**THE UNITED STATES' NOTICE OF ELECTION TO DECLINE INTERVENTION**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Fresno, California.

Addressee(s):

Gregory A. Thyberg, Esq.
Thyberg Law
3104 "O" Street, #190
Sacramento, CA 95816-6519
Attorney for Relator

                                        __*Bonnie L'Argent*_____
                                        Bonnie L'Argent