1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11

12  UNITED STATES OF AMERICA ex rel.    No. 2:15-cv-02245-WBS-AC
    BRIAN MARKUS, individually,

13                Relator,

14                                       ORDER RE: MOTION TO MODIFY
        v.                               SCHEDULING ORDER

15
    AEROJET ROCKETDYNE HOLDINGS,

16  INC., a corporation, and AEROJET
    ROCKETDYNE, INC., a corporation,

17                Defendants.

18

19                           ----oo0oo----

20          Pursuant to this court's Status (Pretrial Scheduling)

21  Order of February 20, 2020, all discovery was to be completed by

22  October 6, 2020, all pretrial motions are to be filed by November

23  16, 2020, and this matter is set for trial to commence on April

24  6, 2021.  (Docket No. 70.)  Defendants Aerojet Rocketdyne

25  Holdings, Inc. and Aerojet Rocketdyne, Inc. (jointly, "AR") now

26  request an additional six months for all deadlines, citing the

27  COVID-19 crisis as the reason for the agencies' delays in

28
                                  1

1   responding to the Relator's requests and the parties' inability

2   to take depositions.   (Docket No. 72.)

3         Federal Rule of Civil Procedure 16(b)(4) allows the

4   Court to modify its scheduling order for good cause.   The "good

5   cause" standard focuses primarily on the diligence of the party

6   seeking the amendment.   Johnson v. Mammoth Recreations, Inc., 975

7   F.2d 604, 609 (9th Cir. 1992).   "Although the existence or degree

8   of prejudice to the party opposing the modification might supply

9   additional reasons to deny a motion, the focus of the inquiry is

10  upon the moving party's reasons for seeking modification."   Id.

11        Defendants appear to have been sufficiently diligent to

12  support a finding of good cause to modify the current pretrial

13  schedule.   This case entered discovery in the middle of last year

14  after the court's May 8, 2019 ruling on defendants' motion to

15  dismiss the Second Amended Complaint.   (Docket No. 57.)   AR has

16  produced over 225,000 pages of documents, and engaged in pursuing

17  extensive discovery from Relator, individual third-party

18  witnesses, and five different  government agencies.   (Decl. of

19  Jonathan Faria ¶¶ 7-13 (Docket No. 73).)   AR's efforts include

20  ten separate Touhy requests for documents served on five

21  different agencies, over which AR continues to meet and confer to

22  this day.   (Id. ¶¶ 11-21.)   These efforts demonstrate to the

23  court that defendants have made a good faith effort to move the

24  case along.

25        Although the court is sympathetic to plaintiff

26  counsel's concerns about moving the trial date from April 2021 to

27  October 2021, as a practical matter, due to the COVID-19

28  pandemic, it is extremely unlikely that the trial for this matter

will take place on the currently scheduled date.  The court does
note, however, that Relator has already stipulated to two five-
month discovery deadline extensions thus far.  (Docket Nos. 62 &
69.)  Therefore, with the understanding, as represented by
defendants' counsel, that there will be no need for further
continuances and that all discovery will be completed on time,
defendants' motion to modify the courts' pretrial scheduling
order is GRANTED.  The case deadlines shall be as follows:

| Action | Date |
|---|---|
| Discovery Cut-Off & Discovery Motion Hearing Deadline | April 5, 2021 |
| Expert Disclosures | April 19, 2021 |
| Rebuttal Expert Disclosures | May 10, 2021 |
| Deadline for Hearing All Other Motions | June 14, 2021 |
| Pretrial Conference | August 16, 2021, 1:30 p.m. |
| Jury Trial | October 13, 2021 |

IT IS SO ORDERED.

Dated:  August 3, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3