1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

11

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

UNITED STATES OF AMERICA *ex rel.* BRIAN MARKUS, individually,

13

CASE NO. 2:15-cv-02245-WBS-AC

**[~~PROPOSED~~] ORDER REGARDING REMOTE DEPOSITION PROTOCOL**

14

Relator,

15

vs.

16

AEROJET ROCKETDYNE HOLDINGS, INC., a corporation and AEROJET ROCKETDYNE, INC., a corporation,

17
18

Defendants.

19
20
21
22
23
24
25
26
27
28

As a result of the COVID-19 pandemic, governmental authorities have imposed travel restrictions, "stay at home" directives, and other social distancing measures designed to slow the communal spread of the disease. These measures, as well as the potential health issues affecting counsel, witnesses, court reporters and videographers, may militate in favor of conducting depositions in this action remotely. Federal Rule of Civil Procedure 30(b)(4) authorizes this Court to permit the taking of depositions by remote means, including by videoconference ("Videoconference Deposition").

The following protocol shall apply to all Videoconference Depositions, unless otherwise agreed to by the parties or ordered by the Court:

1. Any Videoconference Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Videoconference Deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness, as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. The witness may be sworn in remotely with the same effect as an oath administered in person.

2. At least one week before the deposition, the party noticing the deposition must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized (*e.g.*, GoToMeeting, Zoom, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Videoconference Deposition at least three business days before the deposition. The parties will meet and confer to arrive at a mutually agreeable process should any issues arise.

3. To host a remote deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits). These security measures must include password protection and tools such as a "virtual ////

waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

4.      At least 24 hours before the Videoconference Deposition is scheduled to start, counsel, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the remote deposition (the "Remote Deposition Technology").

5.      At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. Other than the application required to conduct the deposition, the witness shall not have any other applications open or running on the electronic device being used for the deposition.

6.      The microphones and video feeds for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other remote attendees should mute microphones when not speaking. The Remote Deposition Technology must be able to show in real-time a list of all persons attending the Videoconference Deposition. The participating attorneys may be visible to all other participants during the deposition. Only individuals who would be entitled to attend a live deposition in this litigation may participate in or observe the remote deposition. All individuals participating in or observing any deposition must announce themselves for the record.

7.      Only the witness's counsel is permitted to be in the same physical location as the witness during a Remote Deposition. No other individuals are permitted to be in the same room as the witness during a Remote Deposition. If the witness's counsel intends to be in the same physical location as the witness during a Remote Deposition, they must provide notice to counsel for the noticing party prior to the start of the Remote Deposition. If the witness's counsel or in-house counsel is present in the same physical location as the witness during a Remote Deposition, such counsel shall separately log in to the remote deposition platform so that all Deposition Participants can both see and hear such counsel, but may mute his or her audio if leaving audio on causes feedback or other issues due to proximity to the witness's microphone. If any person enters the room where the witness is located during the deposition,

other than the witness's counsel, the witness shall immediately notify the examining attorney of the additional persons in the room.

8.      A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony by reasonable technological means, including remote video capture/recording. The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition. With the exception of the videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; and (3) the audio of the questioning and defending attorneys. The fact that a deposition was noticed to take place remotely, and was recorded remotely, will not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

9.      Any document that may be used as an exhibit during the deposition shall be transmitted by the examining attorney to all Deposition Participants: (i) in sealed envelopes in advance of the Remote Deposition; (ii) in real time or in advance electronically through the Remote Deposition Vendor's remote deposition platform, secure file transfer, or email, before or during the course of the Remote Deposition; or (iii) some combination of (i) and (ii) or an alternative means agreed to by the parties.  If documents that may be used as exhibits are transmitted to Deposition Participants in sealed envelopes, all Deposition Participants will not open the sealed envelopes or otherwise access such documents unless and until specifically requested to do so by the examining attorney. All sealed envelopes must be opened on camera. The witness shall not review documents during the deposition, other than those marked by the examining attorney as exhibits or otherwise used by the examining attorney, without notifying the examining attorney.

10.      During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (e.g., no text or email exchanges with the witness). All private chat features on the remote connection being utilized shall be disabled. All applications on the witnesses' device other than the applications being utilized to conduct the deposition shall be closed. No witness shall communicate with any person (verbally, in writing, or

**[PROPOSED] ORDER REGARDING REMOTE DEPOSITION PROTOCOL**

by conduct) while on the record at the deposition in a manner that the examining attorney cannot personally observe through the videoconference technology. However, the witness's counsel may communicate with the witness telephonically or by other electronic means (including, but not limited to, the use of the remote connection software) during breaks in the deposition, consistent with the Federal Rule of Civil Procedure and the Local Rules of the Eastern District of California.

11.    During breaks in the deposition, the parties may use any breakout room feature provided by the Remote Deposition Vendor, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Remote Deposition Vendor prior to the deposition and controlled by the Remote Deposition Vendor.

12.    Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party. If a technical issue prevents any person from being able to see or hear one or more of the other persons clearly or to access published exhibits, the person encountering such technical issue shall promptly notify the other participants.

13.    Nothing in this Order prevents a party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person. Further, nothing in this Order precludes counsel for a witness from being in the same room as the witness, if the witness consents and such attendance is consistent with social distancing restrictions.

14.    The Protective Order entered in this action shall apply to any confidential testimony and/or documents used as exhibits during the taking of any remote deposition to the same extent it would to an in-person deposition.

15.    The parties may agree on ad hoc modifications to this protocol to accommodate the needs of a particular witness or to resolve any issues that arise with respect to a particular deposition. Such modifications may be agreed in writing or memorialized on the record at a deposition. In the event that any issues in connection with a Deposition Participant or these Remote Deposition Protocols cannot be

////

////

**[PROPOSED] ORDER REGARDING REMOTE DEPOSITION PROTOCOL**

resolved consensually, subject to the Court's availability, the parties may seek a telephonic hearing with this Court on an expedited basis if necessary.

**IT IS SO ORDERED.**

DATED: November 16, 2020

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

**[PROPOSED] ORDER REGARDING REMOTE DEPOSITION PROTOCOL**