UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARKUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AEROJET ROCKETDYNE HOLDINGS, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-02245 WBS AC<br><br><br>ORDER |

  Before the court is the parties' second stipulation to extend discovery deadlines.  ECF No. 86.  The court recently denied a stipulation in which the parties asked for a final discovery motion hearing date of May 21, 2021 while the deadline for *hearing* dispositive motions is currently set for June 14, 2021.  ECF No. 81.  The court noted that the current dispositive motions hearing date means that dispositive motions must be filed no later than May 17, 2021.  See Local Rule 230(b).  The court denied the stipulation, explaining it is illogical to permit the litigation of discovery motions after the dispositive motion deadline has passed.  ECF No. 85.  The undersigned explained that the parties must seek a new schedule from the district judge, including a new dispositive motions deadline, if they wish to extend their time for discovery.

  Instead of seeking a new schedule from the district judge, the parties now submit a second stipulation, proposing a new discovery motion hearing deadline of May 14, 2021.  ECF No. 86 at

1

3. The proposed two-day gap between the final discovery motion hearing date and the final date to file dispositive motions fails to cure the problem the undersigned previously identified: any ruling on a potential discovery motion could not possibly come soon enough to be acted upon such that the discovery could be used to support a dispositive motion. For context, there is ordinarily *at least* eight weeks between a dispositive motion deadline and a discovery hearing deadline.

To avoid further litigation of this issue, the court now makes clear that it will not approve any stipulation that places the final discovery motion hearing date past May 7, 2021 while the current dispositive motion deadline remains in place. That motion is subject to extension by the district judge, not by the undersigned. The court reminds the parties that they may engage in discovery voluntarily after the discovery deadline passes; they lose only the right to seek intervention from the court.

The stipulation at ECF No. 86 is hereby DISAPPROVED and the Proposed Order will not be signed.

IT IS SO ORDERED.

DATED: March 8, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE