1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   UNITED STATES OF AMERICA ex rel.   No. 2:15-cv-02245 WBS AC
     BRIAN MARKUS, individually,

13
                  Relator,

14                                      ORDER RE: REQUEST TO SEAL
         v.

15
     AEROJET ROCKETDYNE HOLDINGS,

16   INC., a corporation and AEROJET
     ROCKETDYNE, INC., a corporation,

17
                  Defendants.

18

19                         ----oo0oo----

20
             Plaintiff Brian Markus brought this action against

21
     defendants Aerojet Rocketdyne Holdings, Inc. and Aerojet

22
     Rocketdyne, Inc. arising from defendants' allegedly wrongful

23
     conduct in violation of the False Claims Act ("FCA"), 31 U.S.C.

24
     §§ 3729 et seq.  The documents at issue here were filed in

25
     connection with defendants' motion for summary judgment.  (Docket

26
     No.  116).  Defendants request to file under seal (1) redacted

27
     portions of defendants' memorandum in support of its motion for

28
                                 1

1  summary judgment ("defendants' motion") (2) redacted portions of

2  defendants' statement of undisputed facts in support of the

3  motion ("defendants' statement"), and (3) the exhibits and

4  portions of exhibits to the declaration of Tammy A. Tsoumas in

5  support of defendants' motion ("exhibits").  Defendants claim

6  exhibits 1-5 reflect information about the government's FCA

7  investigation, and the remaining requests for seal pertain to

8  information about the cybersecurity status of Aerojet and other

9  contractors and Aerojet's non-public business operations.

10            A party seeking to seal a judicial record bears the

11  burden of overcoming a strong presumption in favor of public

12  access.  Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178

13  (9th Cir. 2006).  The party must "articulate compelling reasons

14  supported by specific factual findings that outweigh the general

15  history of access and the public policies favoring disclosure,

16  such as the public interest in understanding the judicial

17  process."  Id. at 1178-79 (citation omitted).

18            "[T]he strong presumption of access to judicial records

19  applies fully to dispositive pleadings, including motions for

20  summary judgment and related attachments . . . because the

21  resolution of a dispute on the merits, whether by trial or

22  summary judgment, is at the heart of the interest in ensuring the

23  'public's understanding of the judicial process and of

24  significant public events.'"  Id. at 1179 (citation omitted).  In

25  ruling on a motion to seal, notwithstanding the other party's

26  failure to object, the court must balance the competing interests

27  of the public and the party seeking to keep the records secret.

28  Id.

1    I.    Information About Aerojet and Other Contractors'
           Cybersecurity and Aerojet's Non-Public Business Operations
2

3          Defendants request to redact portions of their motion,

4    portions of their statement, and seal in their entirety several

5    exhibits and redact several exhibits as non-public business and

6    cybersecurity information.   (Docket No. 121).

7          Defendants state these documents were designated as

8    confidential under the parties stipulated to protective order.

9    This court has previously pointed out that a confidentiality

10   agreement between the parties does not per se constitute a

11   compelling reason to seal documents that outweighs the interests

12   of public disclosure and access.  See Harper v. Charter

13   Communications, LLC, No. 2:19-cv-00902-WBS-DC, 2021 WL 600960, at

14   *2 (E.D. Cal. Feb. 16, 2021); Foster Poultry Farms, Inc. v.

15   Certain Underwriters at Lloyd's, London, No. 1:14-cv-00953-WBS-

16   SAB, 2015 WL 5608241, at *1 (E.D. Cal. Sept. 23, 2015).  The fact

17   that the assigned magistrate judge signed the stipulated

18   protective order does not change this principle.  See Harper,

19   2021 WL 600960, at *2.

20         Beyond its contention that the documents are subject to

21   the Stipulation and Protective Order, Aerojet alleges these

22   documents include trade secrets, and commercial, financial, or

23   business confidential information which competitors could use.

24   Defendants also claim these documents contain cybersecurity

25   information that potential attackers could use.

26         The Ninth Circuit has recognized that an example of a

27   compelling reason for sealing records includes "sources of

28

                                    3

1  business information that might harm a litigant's competitive

2  standing."  Ctr. for Auto Safety v. Chrysler Group, LLC, 809 F.3d

3  1092, 1097 (9th Cir. 2016) (quoting Nixon v. Warner Commc'ns,

4  Inc., 435 U.S. 589, 598 (1978)).  Courts have also held that

5  cybersecurity is a compelling reason to seal documents.  See

6  Connor v. Quora, Inc., No. 18-cv-07597-BLF, 2020 WL 8474750, at

7  *2 (N.D. Cal. Oct. 26, 2020) (granting the request to seal

8  cybersecurity information as public disclosure could cause

9  attack); In Re Anthem, Inc. Data Breach Litigation, No. 15-MD-

10  02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017)

11  (granting the request to seal because if "specific information

12  regarding Anthem's cybersecurity practices were disclosed, this

13  could allow cyberattackers greater opportunity to defeat these

14  defenses . . . .").  The request to seal here appears to

15  sufficiently show that sealing is necessary to protect

16  defendants' protected business information and cybersecurity

17  information.  Accordingly, the request to seal will be granted as

18  to defendants' motion, defendants' statement, and exhibits

19  reflecting cybersecurity and non-public business information.

20  II.   Information Regarding the Government's Investigation

21          Defendants request to seal exhibits 1-5 because they

22  reflect information about the government's FCA investigation.

23  Defendants cite 31 U.S.C. § 3730(b)(2) as an example of courts

24  sealing information related to the government's FCA

25  investigation.  However, 31 U.S.C. § 3730(b)(2) pertains to the

26  initial sealing of FCA complaints.  Here, defendants, not the

27  government, are requesting to seal these documents without

28  articulating any compelling reasons that outweigh the strong

4

1    presumption of public access.   Therefore, the court must deny

2    defendants' request to seal as to exhibits 1-5 without prejudice.

3            IT IS THEREFORE ORDERED that the defendants' request to

4    seal redacted portions of defendants' motion, redacted portions

5    of defendants' statement, and exhibits 18-19, 38-44, 46, 48, 50,

6    52, 54-56, 58, 60-68, 70-73, 76-79, 81-86, 88-89, 91-95, 97, 101-

7    106, 108, 110-111, 115-120, 122-131, 134, 136, 138, 140, 142,

8    144, 146, 148-158, 160-176, 178-181, 186-191, 193-202, 205-206[1]

9    of the Declaration of Tsoumas be, and the same hereby is,

10   GRANTED, and said documents are ordered SEALED.

11           IT IS FURTHER ORDERED that defendants' requests to seal

12   exhibits 1-5 of the Declaration of Tsoumas be, and the same

13   hereby are, DENIED WITHOUT PREJUDICE.

14   Dated:  October 22, 2021

15   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26           [1]     Defendants list exhibits 7-10 in the request to seal
     emailed to the courtroom deputy, but do not list those exhibits
27   as part of the filed request to seal.  Due to this discrepancy,
     the court does not consider exhibits 7-10 as part of the request
28   to seal.

5