THYBERGLAW
GREGORY A. THYBERG SBN102132
3104 O STREET. #190
SACRAMENTO, CALIFORNIA 95816
TEL: (916) 204-9173
greg@thyberglaw.com

ATTORNEYS FOR PLAINTIFF, BRIAN MARKUS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA: *ex rel.* BRIAN MARKUS<br><br>　　　　　Plaintiffs,<br>　vs.<br>AEROJET ROCKETDYNE HOLDINGS, INC., a corporation and AEROJET ROCKETDYNE, INC. a corporation.<br><br>　　　　　Defendants | Civil Action No. 2:15-cv-2245 WBS-AC<br><br>**RELATOR BRIAN MARKUS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15 (a) (2)**<br><br>Date: April 4, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5<br>Judge: Hon. William B. Shubb |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on April 4, 2022, at 1:30 p.m. in Courtroom 5, before the Honorable William B. Shubb, Senior United States District Judge for the Eastern District of California, Relator, Brian Markus, will move and hereby moves for leave to file his Third Amended Complaint attached as Exhibit "A" to this motion. This motion is made pursuant to Local Rule 230 and Fed. R. Civ. P.

15(a)(2). Relator's Motion is based on this Notice of Motion, along with the Memorandum of Points and Authorities, as well as all of the records in this action or matters of which the Court may take judicial notice, and any further briefing and arguments of counsel heard by this Court.

Dated:  February 21, 2022                    Respectfully submitted,

                                                                              THYBERGLAW

                                                                              */s/ Gregory A. Thyberg*
                                                                              GREGORY A. THYBERG
                                                                              Attorneys for Relator
                                                                              BRIAN MARKUS

THYBERGLAW
GREGORY A. THYBERG SBN102132
3104 O STREET. #190
SACRAMENTO, CALIFORNIA 95816
TEL: (916) 204-9173
greg@thyberglaw.com

ATTORNEYS FOR RELATOR, BRIAN MARKUS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA:<br><br>*ex rel.*<br><br>BRIAN MARKUS<br><br>Plaintiffs,<br><br>vs.<br><br>AEROJET ROCKETDYNE HOLDINGS, INC., a corporation and AEROJET ROCKETDYNE, INC. a corporation.<br><br>Defendants | Civil Action No. 2:15-cv-2245 WBS-AC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RELATOR'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15 (a) (2)**<br><br>Date: April 4, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5<br>Judge: Hon. William B. Shubb |

I. INTRODUCTION

Relator seeks leave to file a third amended compliant which is attached hereto as Exhibit "A" to this motion.

Every complaint filed in this action has alleged that Aerojet Rocketdyne ("AR") engaged in the same course of fraudulent conduct to obtain government contracts and subcontracts in violation of the False Claims Act, 31 USC §3729 et. seq. ("FCA"). In response to AR'S motion to dismiss relator's amended complaint pursuant to Fed. R. Civ. P 9 (b), relator filed a second amended compliant ("SAC") to add specific details which included allegations of "at least" eighteen prime contracts AR entered violation of the FCA. (SAC ¶¶ 84-114) The SAC also alleged AR had entered multiple subcontracts in violation of the FCA. (SAC ¶¶ 29-31, 126) AR has now characterized the court's ruling on the parties' cross-motions for summary judgment as limiting relator's case to seven prime contracts even though the court's ruling did not address any contracts other than the one's AR raised in their MSJ, which specifically stated that it was not considering subcontracts in ruling on the motions. AR has now filed a misleading pretrial statement (ECF 162) once again asserting that this case is limited to seven contracts.

Although the SAC amended complaint alleged a common course of promissory fraud which clearly placed more than the representative contracts at issue, to avoid an issue on the eve of trial, relator seeks leave to file an amended complaint to specifically allege contracts and subcontracts that discovery demonstrates AR entered as part of the course of promissory fraud alleged in the SAC.

**Memorandum Of Points And Authorities In Support Of Motion For Leave To File Amended Complaint   2
CASE NO. 2:15-cv-2245 WBS-AC**

## II.  STATEMENT OF FACTS

Relator filed his initial complaint ("IC") under seal on October 29, 2015. The IC alleged AR had engaged in a course of promissory fraud by entering multiple federal contracts and subcontracts. (IC¶19). The IC alleged that AR entered multiple prime federal contracts and subcontracts. (IC ¶¶ 20-21,36, 52-54) The IC alleged that AR obtained subcontracts from federal prime contractors including: Boeing, Raytheon, and Lockheed. (IC ¶ 56)

On September 13, 2017, relator filed an amended complaint ("AC") under seal. The amended complaint set forth the same allegations as the IC. The AC was the same as the IC except that it added relator's employment claims in order to preserve the statute of limitations on those causes of action while the IC was still under seal. After the AC was unsealed and served on AR, AR filed a motion to dismiss alleging relator had failed to allege fraud with the requisite particularity required by Fed. R. Civ. P 9(b). Relator responded by filing a second amended compliant ("SAC") that alleged some specific representative transactions where AR entered contracts with the government while engaging in a course of conduct involving promissory fraud as alleged in the IC.

The SAC alleged that AR had engaged in the same course of fraudulent conduct as set forth in the IC and AC. The SAC alleged a fraudulent course of conduct that applied to all contracts AR entered in the relevant time period. The SAC set forth specific regulatory requirements that were required to be incorporated in every contract where AR would store unclassified controlled technical information ("UCTI") or sensitive but

Memorandum Of Points And Authorities In Support Of Motion For Leave To File Amended Complaint   3
CASE NO. 2:15-cv-2245 WBS-AC

unclassified information ("SBU") on its computer in the course of performing the contract. (SAC ¶¶9-28) The SAC alleged common allegations regarding the state of AR'S cybersecurity compliance that would apply to every contract entered in the relevant time period. (SAC ¶¶30-57). Relator's SAC also alleged communications with the government and prime contractors that would apply to all contracts entered. (SAC ¶¶58-92)

To meet the requirements of Fed. R. Civ. 9 (b) relator's SAC alleged specific contracts as representative examples of AR'S fraud. These examples in no way limited the scope of AR's liability which was pled broadly. The SAC referred to "at least" six DOD contracts and "at least" nine NASA contracts that were fraudulently obtained. (SAC ¶¶ 84,105)

There was no language in the SAC that limited the scope of this case to the representative contracts. To the contrary the SAC repeatedly referred to multiple federal contracts. (SAC ¶¶ 29-31, 121,123) Moreover, the SAC alleged false statements were made to subcontractors, including: Boeing, Raytheon, and Lockheed to obtain contracts. (SAC ¶¶ 77-80,126)

### III. LEGAL ARGUMENT

AR'S specious argument that any contracts not specifically identified in the SAC are not at issue, is without merit. The particularity standards of Fed. R. Civ. P 9 (b) does not require that relator allege every specific contract or subcontract AR entered in order to place them at issue. In a FCA case, Rule 9(b) does not require specific allegations

supporting each and every instance of defendants' false claims but only allegations specific enough to give the defendant notice of the fraudulent misconduct alleged so that defendant can defend against the charge. See, *U.S. ex rel. Cericola v. Fed. Nat. Mortg. Assoc.*, 529 F. Supp. 2d 1139, 1144 (C.D. Cal. 2007)

To avert any issue regarding the scope of this case, relator requests leave to file his Third Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Leave to amend pursuant to Rule 15 should be liberally granted so cases are tried on the merits. As the court stated in *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003)

> Generally, **Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality'**… In *Foman v. Davis,* 371 U.S. 178, the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend: **In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive** on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, **undue prejudice** to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—**the leave sought should, as the rules require, be 'freely given.'** (Citations omitted and emphasis added) *Id.* at 1052-52.

None of the factors that would provide a reason to deny relator's request are present in this case. There has been no undue delay as relator has filed this motion as soon as he became aware of defendants' contention the scope of the case is limited to seven contracts. Relator's amendment is not motivated by "bad faith or a dilatory motive" but rather is sought to avoid objections to the scope of the case on the eve of trial. The amended complaint will not cause undue prejudice to defendants because the SAC placed AR on notice of the scope of relator's claims.

Moreover, AR has known of the scope of its potential liability at all times since AR has unique knowledge of contracts it has entered and what it has been paid.

## IV. CONCLUSION

For the foregoing reasons relator respectfully requests that the court grant him leave to file his third amended complaint, attached hereto as Exhibit "A" to this motion.

DATED: February 21, 2022               Respectfully submitted,

                                       THYBERGLAW


                                       */s/ Gregory A. Thyberg*
                                       GREGORY A. THYBERG
                                       Attorney for Relator
                                       BRIAN MARKUS