UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. BRIAN MARKUS,<br><br>            Relator,<br><br>     v.<br><br>AEROJET ROCKETDYNE HOLDINGS, INC., a corporation and AEROJET ROCKETDYNE, INC., a corporation,<br><br>            Defendants. | No. 2:15-cv-02245 WBS AC<br><br>MEMORANDUM AND ORDER RE: RELATOR'S MOTION FOR RECONSIDERATION |

----oo0oo----

Before the court is relator Brian Markus' ("relator") motion for reconsideration (Docket No. 157). On February 1, 2022, the court issued its order on the parties' cross-motions for summary judgment (Docket No. 155). The court ruled that among the 18 contracts relator specified in his second amended complaint, those awarded after the litigation commenced would not be at issue, including contract no. NNM16AA02C. (Id. at 6 n.2.)

Relator argues the alleged false statements or

1

Case 2:15-cv-02245-WBS-AC   Document 181   Filed 03/17/22   Page 2 of 4

1    fraudulent course of conduct leading to the award of contract no.
2    NNM16AA02C occurred prior to relator filing this lawsuit, and
3    therefore, the contract should still be at issue at trial and the
4    court should reconsider its order ruling to the contrary.  (Mot.
5    for Recons. at 2.)
6            Generally, "a motion for reconsideration should not be
7    granted, absent highly unusual circumstances, unless the district
8    court is presented with newly discovered evidence, committed
9    clear error, or if there is an intervening change in the
10   controlling law."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th
11   Cir. 2003).
12           The evidence relator relies on in this motion is not
13   "newly discovered."  See id.  Relator's counsel has had the
14   relevant evidence, specifically emails between employees at
15   Aerojet regarding the contract proposal at issue, in his
16   possession since 2019.  (See Decl. of Tammy A. Tsoumas at ¶ 2
17   (Docket No. 169-1).)  Relator's counsel simply "did not realize"
18   the documents in his possession were regarding contract no.
19   NNM16AA02C, as they included the name for the larger project
20   under which the contract was granted.  (Mot. for Recons. at 7.)
21   Relator's counsel's oversight as to evidence that was in his
22   possession is not a sufficient ground for the court to alter its
23   prior ruling.
24           Further, relator waived his argument by not addressing
25   it on the parties' cross-motions for summary judgment.  Relator's
26   motion for reconsideration "may not be used to raise arguments or
27   present evidence for the first time when they could reasonably
28   have been raised" at an earlier time.  See Carroll, 342 F.3d at

2

945.  Defendants clearly contended in their motion for summary judgment that contract no. NNM16AA02C should be excluded as it was awarded after relator commenced this litigation. (Defs.' Mot. for Summ. J. at 5-6 (Docket No. 116).)  Relator did not address this argument in his moving papers.  (See Relator's Opp'n to Defs.' Mot. for Summ. J. at 11-13 (Docket No. 132)); (Relator's Reply to Defs.' Opp'n to Relator's Mot. at 7-9 (Docket No. 139).) Relator was put on notice of defendants' contention and chose to waive his argument.

Finally, the court's decision to exclude contract no. NNM16AA02C from the contracts at issue in this case was correct on its merits.  Relator may not recover in this action based upon contracts that were awarded after the initiation of this lawsuit, regardless of when the allegedly false statements or fraudulent course of conduct leading to the award of such contracts were made.  For his promissory fraud claim under the False Claims Act, relator must prove that the false statement or fraudulent course of conduct caused "the government to pay out money or forfeit moneys due."  United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1174 (9th Cir. 2006).  Thus, relator does not have a cause of action based upon any contract until such time as the award of such contract actually causes the government to pay out or forfeit money.

The government has understood and acknowledged that contracts awarded after the commencement of litigation are not at issue in this case at least since it filed its statement of interest.  (See Statement of Int. at 3 (Docket No. 135).) Although relator has been aware of the court's ruling since May

3

8, 2019, and the government's acquiescence in it since October 20, 2021, relator has yet to provide any precedent to demonstrate that the court's ruling excluding contract no. NNM16AA02C from those at issue in this case constituted clear error.

IT IS THEREFORE ORDERED that Relator's motion for reconsideration (Docket No. 157) be, and the same hereby is, DENIED.

Dated: March 17, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4