1  Mark Holscher (SBN 139582)
   mark.holscher@kirkland.com
2  Tammy A. Tsoumas (SBN 250487)
   tammy.tsoumas@kirkland.com
3  KIRKLAND & ELLIS LLP
   2049 Century Park East
4  Los Angeles, CA 90067
   Telephone:    (310) 552-4200
5  Facsimile:    (310) 552-5900

6  Ashley Neglia (SBN 298924)
   ashley.neglia@kirkland.com
7  KIRKLAND & ELLIS LLP
   555 S. Flower Street, Suite 3700
8  Los Angeles, CA 90071
   Telephone:    (213) 680-8400
9  Facsimile:    (213) 680-8500

10 Sable Hodson (SBN 313252)
   sable.hodson@kirkland.com
11 KIRKLAND & ELLIS LLP
   1601 Elm Street
12 Dallas, TX 75201
   Telephone:    (214) 972-1770
13 Facsimile:    (214) 972-1771

14 *Attorneys for Defendants Aerojet Rocketdyne*
   *Holdings, Inc. and Aerojet Rocketdyne, Inc.*
15

16             **UNITED STATES DISTRICT COURT**

17          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

18 UNITED STATES OF AMERICA ex rel. BRIAN   ) Case No. 2:15-cv-02245-WBS-AC
   MARKUS, individually,                    )
19                                           ) **DEFENDANTS' PROPOSED JURY**
              Relator,                       ) **INSTRUCTIONS**
20         *vs.*                             )
   AEROJET ROCKETDYNE HOLDINGS, INC.,        )
21 a corporation and AEROJET ROCKETDYNE,     )
   INC., a corporation,                      )
22                                           )
              Defendants.                    )
23                                           )
                                             )
24                                           )
                                             )
25 _____ )

26

27

28

Defendants Aerojet Rocketdyne Holdings, Inc. and Aerojet Rocketdyne, Inc. (together, "Aerojet") hereby submit the following proposed jury instructions in the above-captioned action. Aerojet groups the proposed instructions by subject matte in accordance with the Local Rules and also grouped by proposed timing:

- Pre-trial Preliminary Instructions: Proposed Instructions 1 through 6 are proposed to be given before trial and address the trial process and the case background.

- Cautionary Instructions: Proposed Instructions 7 through 11 are proposed to be given during trial, to the extent necessitated by the progress of trial.

- Closing Instructions: Proposed Instructions 12 through 24 are proposed to be given at the close of evidence.

- Instructions Regarding Deliberation and Discharge: Proposed Instructions 25 through 28 are proposed to be given at the close of evidence.

**AEROJET'S PROPOSED JURY INSTRUCTIONS**

| No. | Title | Authority | Page |
|---|---|---|---|
| 1 | Overview of the False Claims Act | 31 U.S.C. § 3730(d)(2)<br><br>*Culpepper v. Birmingham Jefferson County Transit Auth.*, No. 2:18-cv-00567-CLM, ECF No. 230 at 5 (N.D. Ala. Mar. 1, 2022)<br><br>*Nelson v. Career Edu. Corp., et al.*, No. 2:12-cv-00775-JPS, ECF No. 193-16 at 27 (E.D. Wis. Apr. 4, 2014);<br><br>*U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, No. CIV A 95-1231 RCL, 2007 WL 851868 (D.D.C. Mar. 14, 2007)<br><br>3C Fed. Jury Prac. & Instr. Ch. 178 Introduction (6th ed.)<br><br>Boese, Civil False Claims and Qui Tam Actions, App'x F—Sample Complaints, Affirmative Defenses, and Sample Jury Instructions<br><br>4 Mod. Fed. Jury Instr.-Civ. P 76.01 (2022) | 8 |
| 2 | Claims and Defenses | 9th Cir. 1.5 (Modified) | 9 |
| 3 | What Is Evidence | 9th Cir. 1.9 | 10 |

| 4 | Bias, Corporate Party | 9th Cir. 4.1 (Modified)<br><br>Fed. Civ. Jury Instr. 7th Cir. (2017) ("7th Cir.") § 1.03 (2017 revised) | 11 |
|---|---|---|---|
| 5 | Stipulation of Fact | 9th Cir. 2.2 | 12 |
| 6 | Judicial Notice | 9th Cir. 2.3 (Modified) | 13 |
| 7 | Cautionary Instructions (Recess) | 7th Cir. 2.01 | 15 |
| 8 | Declarations | Black's Law Dictionary (11th ed. 2019);<br><br>9th Cir. 2.4 | 16 |
| 9 | Redacted Exhibits | *Medtronic, Inc., v. AGA Medical Corp.*, No. 3:07-cv-00567, ECF No. 965 at 14 (N.D. Cal Aug. 2, 2009) | 17 |
| 10 | References or Introduction of Evidence Relating to Contracts Outside the Scope | Fed. R. Evid. 105, 401, 402, 403<br><br>9th Cir. 1.11 | 18 |
| 11 | Reference to Relator's Termination | Fed. R. Evid. 401–403;<br><br>*Aghmane v. Bank of Am., N.A.*, No. 13-CV-03698-DMR, 2018 WL 558886 (N.D. Cal. Jan. 25, 2018) | 19 |
| 12 | Admissions Implied From Silence or Evasion | BAJI 2.26 (Modified) | 20 |
| 13 | Burden of Proof—Preponderance of the Evidence | 9th Cir. 1.6 (Modified)<br><br>31 U.S.C. § 3731(d)<br><br>3C Fed. Jury Prac. & Instr. Ch. 178 Introduction (6th ed.) (Modified)<br><br>*United States ex rel. Paradies v. GGNSC Admin. Servs., LLC*, No. 2:12-CV-00245-KOB, ECF No. 440 at 9–10 (N.D. Ala. Sept. 30, 2015) | 21 |

AEROJET'S PROPOSED JURY INSTRUCTIONS

| 14 | Violation Alone Insufficient | *Universal Health Servs., Inc. v. U.S. ex rel. Escobar,* 136 S. Ct. 1989, 2003 (2016)<br><br> *U.S. ex rel. Hopper v. Anton,* 91 F.3d 1261, 1265 (9th Cir. 1996) | 22 |
|---|---|---|---|
| 15 | Fraudulent Inducement Elements | 31 U.S.C. § 3729<br><br>*Nyle J. Hooper v. Lockheed Martin Corp.,* No. 2:08-cv-00561, ECF No. 453-1 at 16 (C.D. Cal Mar. 27, 2014) *aff'd,* 640 F. App'x 633 (9th Cir. 2016)<br><br>*U.S. ex rel. Hendow v. Univ. of Phoenix,* 461 F.3d 1166, 1174 (9th Cir. 2006)<br><br>3C Fed. Jury Prac. & Instr. § 178:20 (6th ed.)<br><br>*U.S. ex rel. Paradies v. GGNSC Admin. Servs., LLC,* No. 2:12-CV-00245-KOB, ECF No. 440 at 9–10 (N.D. Ala. Sept. 30, 2015) (Modified)<br><br>*Uchytil v. Avanade,* No. C12-2091-JCC, 2018 WL 11236950, at *11 (W.D. Wash. Aug. 16, 2018) | 23 |
| 16 | Definition of False or Fraudulent | 3C Fed. Jury Prac. & Instr. §§ 178:30, 178:31 (modified);<br><br>*U.S. ex rel. Hopper v. Anton,* 91 F.3d 1261, 1267 (9th Cir. 1996)<br><br>*United States ex rel. Berg v. Honeywell Int'l, Inc.,* 226 F. Supp. 3d 962, 972 (D. Alaska 2016), *aff'd,* 740 F. App'x 535 (9th Cir. 2018)<br><br>*U.S. ex rel. Butler v. Hughes Helicopters, Inc.,* 71 F.3d 321, 328–29 (9th Cir. 1995)<br><br>*U.S. ex rel. Durcholz v. FKW Inc.,* 189 F.3d 542, 545 (7th Cir. 1999)<br><br>3C Fed. Jury Prac. & Instr. § 178:50 | 24 |
| 17 | Fraud Not Presumed | 3C Fed. Jury Practice & Instruction § 123:10 | 25 |

| 18 | Definition of Knowingly | 31 U.S.C. § 3729; *U.S. ex rel. Purcell v. MWI*, No. 98-2088, ECF No. 506 at 37 (D.D.C. Feb. 13, 2015) | 26 |
|----|----|----|----|
| | | *U.S. ex rel. Colquitt v. Abbott Lab'ys.*, No. 3:06-cv-01769-M, ECF No. 820 at 6 (N.D. Tex. Apr. 7, 2016) | |
| | | 3C Fed. Jury Prac. & Instr. § 178:32 | |
| | | *Hagood v. Sonoma Cty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) | |
| | | *U.S. ex rel. Ruhe v. Masimo Corp.*, 977 F. Supp. 2d 981, 991 (C.D. Cal. 2013), *aff'd*, 640 F. App'x 666 (9th Cir. 2016) | |
| | | *Gross ex. rel. v. AIDS Research Alliance-Chicago*, 2004 WL 905952, at *5 (N.D. Ill. April 27, 2004) | |
| | | *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1051 (9th Cir. 2012) | |
| | | *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1157 (2d Cir. 1993) | |
| | | *U.S. ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 (7th Cir. 1999) | |
| | | 3C Fed. Jury Prac. & Instr. § 178:50 | |
| 19 | Good Faith Interpretation | *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, ECF No. 772 at 27 (N.D. Ill. Oct. 30, 2006) | 27 |
| | | *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n. 20 (2007) | |
| | | *U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999) | |
| | | *Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) | |
| | | *U.S. ex rel v. D,S, Medical LLC.*, No. 1:02-cv-06074, ECF No. 442, instruction 22 (E.D. Mo. Nov. 13, 2017) | |

| 20 | Definition of Material | 31 U.S.C. § 3729(b)(4) | 28 |
|----|----|----|----|
| | | *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 136 S. Ct. 1989, 195 L. Ed. 2d 348 (2016) | |
| | | *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1022 (9th Cir. 2018) | |
| | | *United States ex rel. Mei Ling v. City of Los Angeles*, 389 F. Supp. 3d 744, 753 (C.D. Cal. 2019) | |
| | | *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 334–35 (9th Cir. 2017) | |
| | | *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2003 (2016) | |
| | | *Knudsen v. Sprint Commc'ns Co.*, No. C13-04476 CRB, 2016 WL 4548924, at *13 (N.D. Cal. Sept. 1, 2016) | |
| | | *Thomas v. Black & Veatch Special Projects Corp.*, 820 F.3d 1162, 1169-72 (10th Cir. 2016) | |
| 21 | Causation | *U.S. ex rel Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) | 29 |
| | | *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 8 (1st Cir. 2016) | |
| | | *United States ex rel. Cimino v. Int'l Bus. Machs. Corp.*, 3 F.4th 412, 418 (D.C. Cir. 2021) | |
| | | *United States ex rel. Westrick v. Second Chance Body Armor Inc.*, 128 F. Supp. 3d 1, 18 (D.D.C. 2015), *on reconsideration in part*, 2017 WL 8809510 (D.D.C. Mar. 31, 2017), *on reconsideration in part*, 266 F. Supp. 3d 110 (D.D.C. 2017) | |
| 22 | Consider Damages Only If Necessary | Model Civ. Jury Instr. 9th Cir. 5.1 (2021)<br><br>Fed. Civ. Jury Instr. 7th Cir. (2021) —§ 1.31. | 30 |

AEROJET'S PROPOSED JURY INSTRUCTIONS

| 23 | Damages Under the False Claims Act | 31 U.S.C. § 3729(a)(1)(G)<br><br>*U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, ECF No. 772 at 32 (N.D. Ill. Oct. 30, 2006)<br><br>*United States v. J-M Mfg. Co., Inc.*, No. EDCV 06-55-GW-PJWX, 2020 WL 4196880, at *4 (C.D. Cal. June 5, 2020)<br><br>*United States v. J-M Mfg. Co., Inc.*, No. 5:06-cv-00055, ECF No. 2756 at 3 (C.D. Cal. Nov. 7, 2018)<br><br>*United States v. Vandewater International Inc.*, 2:17-cv-04393, ECF No. 423 at 18 (C.D. Cal. Oct. 7, 2021)<br><br>3C Fed. Jury Prac. & Instr. § 178:60; Model Civ. Jury Instr. 9th Cir. 5.1 (2021)<br><br>*Epistar Corp. v. Lowes Companies, Inc.*, 2:17-cv-03219-JAK-KS, ECF No. 454 at 12 | 31 |
| 24 | Financial Interest of Relator | 31 U.S.C. § 3730(d)(2)<br><br>*U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, No. CIV A 95-1231 RCL, 2007 WL 851868 at *1 (D.D.C. Mar. 14, 2007)<br><br>Boese, Civil False Claims and Qui Tam Actions, App'x F—Sample Complaints, Affirmative Defenses, and Sample Jury Instructions<br><br>*U.S. ex rel. Colquitt v. Abbott Lab'ys.*, No. 3:06-cv-01769-M, Dkt. No. 820 at 5 (N.D. Tex. Apr. 7, 2016) | 32 |
| 25 | Verdict Form | 9th Cir. 3.5 | 33 |
| 26 | Deadlock Jury | 9th Cir. 3.7 | 34 |
| 27 | Continuing Deliberation after Juror Is Discharged | 9th Cir. 3.8 | 35 |
| 28 | Discharge Instructions | 9th Cir. 3.9 | 36 |

AEROJET'S PROPOSED JURY INSTRUCTIONS

## AEROJET'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

**Aerojet's Proposed Jury Instruction No. 1: Overview of the False Claims Act**
*Preliminary Instruction*

In this case, Mr. Brian Markus has brought this lawsuit against Aerojet Rocketdyne Holdings, Inc. and Aerojet Rocketdyne, Inc. under the False Claims Act.  The False Claims Act authorizes private individuals to bring civil claims on behalf of the Government against a company alleged to have knowingly submitted a false or fraudulent claim for payment to the Government. The United States Government may intervene and prosecute a False Claims Act case itself, but in this case, the United States has elected not to take over the action.

The False Claims Act requires the Government to investigate the complaint, but allows a Relator to prosecute the case on behalf of the Government.  Because Relator Brian Markus is prosecuting this case on behalf of the United States, he has the ability to recover up to 30% of any amount awarded.[1]

---

[1]     31 U.S.C. § 3730(d)(2) ("If the Government does not proceed with an action under this section, the person bringing the action . . . shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages.  The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action[.]"); *Culpepper v. Birmingham Jefferson County Transit Auth.*, No. 2:18-cv-00567-CLM, ECF No. 230 at 5 (N.D. Ala. Mar. 1, 2022) (charging jury with similar instruction); *Nelson v. Career Edu. Corp., et al.*, No. 2:12-cv-00775-JPS, ECF No. 193-16 at 27 (E.D. Wis. Apr. 4, 2014) (Joint proposed jury instruction: "The United States Government may intervene and prosecute a False Claims Act case itself, but in this case, the United States has elected not to take over the action."); *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, No. CIV A 95-1231 RCL, 2007 WL 851868, at *1 (D.D.C. Mar. 14, 2007) ("[T]he fact that relator has a significant financial interest in this litigation is fair game . . . as it pertains to relator's potential bias.); 3C Fed. Jury Prac. & Instr. Ch. 178 Introduction (6th ed.); *United States ex rel. Koch v. Koch Indus.*, No. 91-CV-763-K(J), 1999 U.S. Dist. LEXIS 16622, at *10 (N.D. Okla. July 7, 1999) ("[T]he Court will instruct the jury generally about the relevant parties in this False Claims Act case, including the fact that Plaintiffs are relators suing on behalf of the government. . . . the Court will inform the jury that Plaintiffs will receive 25-30% of whatever amount the jury chooses to award to the United States and that the remaining 70-75% will be paid to the United States. As the Court has previously held, the parties may also provide the jury with this same type of general information in their opening and closing statements to the jury."); *see also* 4 Mod. Fed. Jury Instr. Civ. P 76.01 (2022); Model Civ. Jury Instr. 9th Cir. 1.6 (2021) (modified for clarity)

---

8

1

**Aerojet's Proposed Jury Instruction No. 2: Claims and Defenses**
*Preliminary Instructions*

2

3
       To help you follow the evidence, I will give you a brief summary of the positions of the parties:

4
       Relator alleges that Aerojet made false or fraudulent statements to the United States Army, Navy, Air Force, Defense Advanced Research Projects Agency, known as DARPA, and NASA

5
regarding its compliance status with certain cybersecurity regulations to procure contracts.  Relator has the burden of proof, which I will explain to you, for all of the elements of his claim and

6
damages.

7
       Aerojet denies these allegations and maintains that Relator cannot meet his burden to prove his claims, in part because Aerojet disclosed its non-compliance and the government agencies were

8
aware and acknowledged Aerojet's non-compliance status and made the decision to proceed with the contracts.  Aerojet further maintains that there is no proof of damages because the government

9
received the goods Aerojet provided under the contracts.[2]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2]    Model Civ. Jury Instr. 9th Cir. 1.5 (2021) (modified to reflect parties' positions).

AEROJET'S PROPOSED JURY INSTRUCTIONS

1

2

**Aerojet's Proposed Jury Instruction No. 3: What Is Evidence**
*Preliminary Instructions*

The evidence you are to consider in deciding what the facts are consists of:

(1) The sworn testimony of any witness;

(2) The exhibits that are admitted into evidence;

(3) Any facts to which the lawyers have agreed; and

(4) Any facts that I may instruct you to accept as true.[3]

---

[3]    Model Civ. Jury Instr. 9th Cir. 1.9 (2021).

AEROJET'S PROPOSED JURY INSTRUCTIONS

1

**Aerojet's Proposed Jury Instruction No. 4: Bias, Corporate Party**
*Preliminary Instructions*

All parties are equal before the law.  In this case, Aerojet Rocketdyne Holdings, Inc. and Aerojet Rocketdyne, Inc. are corporations and entitled to the same fair and conscientious consideration that you would give any individual person.  Likewise, though Relator is bringing this case on behalf of the United States, that should not receive any additional weight in your view of his case or testimony.[4]

---

[4]     Model Civ. Jury Instr. 9th Cir. 4.1 (2021) (modified to identify the parties' respective positions); Fed. Civ. Jury Instr. 7th Cir. § 1.03 (2021).

AEROJET'S PROPOSED JURY INSTRUCTIONS

1

**Aerojet's Proposed Jury Instruction No. 5: Stipulation of Fact**
*Preliminary Instructions*

2

3

　　　The parties have agreed to certain facts to be placed in evidence as Exhibit ___ in order to streamline the trial.  You must therefore treat these facts as having been proved.[5]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5]　　　Model Civ. Jury Instr. 9th Cir. 2.2 (2021) (modified to provide reason for stipulations).

**Aerojet's Proposed Jury Instruction No. 6: Judicial Notice**
*Preliminary Instructions*

The Court has decided to accept as proved the facts listed below. You must accept these facts as true. During the trial, I may instruct you to accept additional facts as true, which you must do.[6]

1. That Relator filed this case on October 29, 2015. On that date, Relator was required to provide a "written disclosure of substantially all material evidence and information the person possesses" related to his claims to the government.[7]

2. The Army, Air Force, DARPA, the Navy, and NASA awarded Aerojet contracts after this case was filed on October 29, 2015.[8]

3. The United States Department of Justice conducted an investigation into Relator's claims.[9]

4. The government's investigation into Relator's claims was completed on approximately on June 5, 2018.[10]

5. The Army, Air Force, DARPA, the Navy, and NASA awarded Aerojet contracts after the government completed its investigation into Mr. Markus' claims on June 5, 2018.[11]

6. Contract No. N00014-14-C-0035 was completed on June 8, 2017.[12]

7. Contract No. N00014-14-C-0035 was closed out by the Navy.[13]

8. Contract No. N68936-14-C-0035 was completed on December 31, 2015.[14]

---

[6] Model Civ. Jury Instr. 9th Cir. 2.3 (2021) (modified to insert facts and to contemplate additional facts during trial). Aerojet requests that the Court take judicial notice of the adjudicative facts below which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The below facts are derived from public government websites, the Court's docket, and the United States Code. All of these sources are proper subjects for judicial notice. *See, e.g.*, *Pierce v. Cal. Dep't of Corr.*, 2015 WL 6081905, at *2 (E.D. Cal. Oct. 13, 2015) (citing *United States v. Marguet–Pillado*, 648 F.3d 1001, 1005 (9th Cir. 2011)) (taking judicial notice of facts reflected on the docket); *Rocky Mountain Farmers Union v. Goldstene*, 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) (taking judicial notice of statutes); ECF No. 155 at 3 n. 1 ("It is appropriate to take judicial notice of information on a government website as it was made publicly available by government entities.") (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F. 3d 992, 998–99 (9th Cir. 2010)); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

[7] ECF No. 1; 31 U.S.C. § 3730(b) ("A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government").

[8] UNITED STATES DEPARTMENT OF THE TREASURY, https://www.usaspending.gov/search/?hash=540643ef231c1498ae7f213ffd5ef832.

[9] ECF No. 25; 31 U.S.C. § 3730(a) ("The Attorney General diligently shall investigate a violation under section 3729.").

[10] ECF No. 25.

[11] UNITED STATES DEPARTMENT OF THE TREASURY, https://www.usaspending.gov/search/?hash=298451ca11e95977e6fde6eb7b89650c.

[12] UNITED STATES DEPARTMENT OF THE TREASURY, https://www.usaspending.gov/award/CONT_AWD_N0001414C0035_9700_-NONE-_-NONE-.

[13] UNITED STATES GENERAL SERVICES ADMINISTRATION, https://www.fpds.gov/fpdsng_cms/index.php/en/ (search in search bar "N0001414C0035"; click the "view" hyperlink for any of the results).

---

1    9.    Contract No. N68936-14-C-0035 was closed out by the Navy.[15]

2    10.    Contract No. FA8650-14-C-7424 was completed on March 31, 2016.[16]

3    11.    Contract No. FA8650-14-C-7424 was closed out by the Air Force.[17]

4    12.    Contract No. HR0011-15-C-0132 was completed on September 30, 2016.[18]

5    13.    Contract No. HR0011-15-C-0132 was closed out by DARPA.[19]

6    14.    Contract No. NNC10BA13B, Award ID # NNC13TA66T was completed on September 24, 2016.[20]

7

8    15.    Contract No. NNC15CA07C was completed on October 9, 2020.[21]

    16. The facts reflected in Exhibit DM.[22]

9

10

11

12

13

14

15

16

17

18

---

19    [14]    UNITED STATES DEPARTMENT OF THE TREASURY,
20    https://www.usaspending.gov/award/CONT_AWD_N6893614C0035_9700_-NONE-_-NONE-
    [15]    UNITED STATES GENERAL SERVICES ADMINISTRATION,
20    https://www.fpds.gov/fpdsng_cms/index.php/en/ (search in search bar "N6893614C0035"; click the
21    "view" hyperlink for any of the results).
    [16]    UNITED STATES DEPARTMENT OF THE TREASURY,
22    https://www.usaspending.gov/award/CONT_AWD_FA865014C7424_9700_-NONE-_-NONE-
    [17]    UNITED STATES GENERAL SERVICES ADMINISTRATION,
23    https://www.fpds.gov/fpdsng_cms/index.php/en/ (search in search bar "FA865014C7424"; click the
    "view" hyperlink for any of the results).
24    [18]    UNITED STATES DEPARTMENT OF THE TREASURY,
25    https://www.usaspending.gov/award/CONT_AWD_HR001115C0132_9700_-NONE-_-NONE-
    [19]    UNITED STATES GENERAL SERVICES ADMINISTRATION,
25    https://www.fpds.gov/fpdsng_cms/index.php/en/ (search in search bar "HR001115C0132"; click the
26    "view" hyperlink for any of the results).
    [20]    UNITED STATES DEPARTMENT OF THE TREASURY,
27    https://www.usaspending.gov/award/CONT_AWD_NNC13TA66T_8000_NNC10BA13B_8000.
    [21]    UNITED STATES DEPARTMENT OF THE TREASURY,
28    https://www.usaspending.gov/award/CONT_AWD_NNC15CA07C_8000_-NONE-_-NONE-
    [22]    Reflecting data compiled from https://www.usaspending.gov.

AEROJET'S PROPOSED JURY INSTRUCTIONS

1

## AEROJET'S PROPOSED IN-TRIAL JURY INSTRUCTIONS

2

### Aerojet's Proposed Jury Instruction No. 7: Cautionary Instructions: Recess
*In-trial Instruction: Before Recess*

3

4    We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

5

6

7    I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.[23]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[23]    Fed. Civ. Jury Instr. 7th Cir. § 2.01 (2021).

**Aerojet's Proposed Jury Instruction No. 8: Declarations**

*In-trial Instruction: After Admission of Declarations*

A document known as a "declaration" has been admitted into evidence.  Like a deposition, a declaration is a statement sworn under the penalty of perjury.  Insofar as possible, you should consider a declaration the same way as if the witness had been present to testify to the facts contained in that declaration.  You should not speculate or draw any conclusions about why the witness is not here in person.[24]

---

[24]      DECLARATION, Black's Law Dictionary (11th ed. 2019) (defining declaration under penalty of perjury as "[a] formal, written statement—resembling an affidavit but not notarized or sworn to—that attests, under penalty of perjury, to facts known by the declarant."); *see* Model Civ. Jury Instr. 9th Cir. 2.4 (2021) (modified from deposition testimony to declaration testimony).

**Aerojet's Proposed Jury Instruction No. 9: Redacted Exhibits**
*In-trial Instruction: After Admitting Redacted Exhibits*

During the course of the trial, you may have noticed that some documents have been partially redacted, meaning that some parts have been omitted. These parts have been omitted by agreement of the parties or at the request of the Court. In considering the exhibits, you should consider only that which has been introduced into evidence. You should not try to guess or make any assumptions regarding any omitted portions of exhibits. Instead, you should consider any exhibits containing omissions just as you would consider any other exhibit in this case and you should not draw any inference from the fact that some portions of the documents are omitted.[25]

---

[25] *Medtronic, Inc., v. AGA Medical Corp.*, No. 3:07-cv-00567, ECF No. 965 at 14 (N.D. Cal Aug. 2, 2009) (Modified for clarity).

AEROJET'S PROPOSED JURY INSTRUCTIONS

**Aerojet's Proposed Jury Instruction No. 10: References or Introduction of Evidence Relating to Contracts Outside the Scope**

*In-trial Instruction: After Reference to Contract Outside of the Seven*

You have been presented with information related to a contract that is not one at issue in this case. Though you are not considering whether that contract was fraudulently procured by Aerojet, you may consider this evidence related to this contract for purposes of evaluating the elements for Relator's claims for the contracts at issue."[26]

---

[26]     Fed. R. Evid. 105, 401, 402, 403; Model Civ. Jury Instr. 9th Cir. 1.11 (2021) (modified to account for specific evidence).

**Aerojet's Proposed Jury Instruction No. 11: Reference to Relator's Termination**
*In-trial Instruction: References to Relator's Termination*

You've just heard testimony relating to the termination of Relator.  For purposes of this case, you should assume Mr. Markus' termination was lawful.[27]

---

[27]     Fed. R. Evid. 401–403; *Aghmane v. Bank of Am., N.A.*, No. 13-CV-03698-DMR, 2018 WL 558886, at *1 (N.D. Cal. Jan. 25, 2018) (giving the following limiting instruction: "You will hear that Bank of America terminated Ms. Aghmane and you will hear evidence about the circumstances of her termination. For purposes of this trial, you must assume that the termination was lawful. The only issues that the jury will decide in this trial is Bank of America's actions when it made a representation about Ms. Aghmane after Ms. Aghmane's termination through a service called Early Warning Services, or EWS.").

## AEROJET'S PROPOSED CLOSING JURY INSTRUCTIONS

**Aerojet's Proposed Jury Instruction No. 12: Admissions Implied from Silence or Evasion**
*Closing Instructions*

If you find that a person (1) failed to respond to a statement concerning that party's conduct; (2) heard and understood the statement; (3) had a reasonable opportunity to respond; (4) was in a physical and mental condition such that a reasonable person in that condition could be expected to respond; and (5) the statement was made under circumstances that would normally call for an answer, you may, but are not required to, infer that the party adopted the statement or believed it to be true.[28]

---

[28]     BAJI 2.26 (modified to reflect posture of case).

**Aerojet's Proposed Jury Instruction No. 13: Burden of Proof—Preponderance of the Evidence**
*Closing Instructions*

As I stated at the beginning of trial, Relator has the burden of proof.  This means that he must prove to you that Aerojet violated the False Claims Act for each of the contracts by a preponderance of the evidence. This means that Relator must persuade you that a claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.  If Relator fails to establish by a preponderance of the evidence that Aerojet violated the False Claims Act for any of the contracts, you should find against Relator as to that specific contract.  Conversely, if the Relator establishes by a preponderance of the evidence that Aerojet violated the False Claims Act as to any of the contracts, you should find in favor of Relator on that specific contract.[29]

---

[29]   Model Civ. Jury Instr. 9th Cir. 1.6 (2021) (modified to explain that the burden applies to each contract); 31 U.S.C. § 3731(d) ("In any action brought under section 3730, the United States shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence."), 3C Fed. Jury Prac. & Instr., Ch. 178 Introduction (6th ed.) (Modified); *United States ex rel. Paradies v. GGNSC Admin. Servs., LLC*, No. 2:12-CV-00245-KOB, ECF No. 440 at 9–10 (N.D. Ala. Sept. 30, 2015) (Modified).

**Aerojet's Proposed Jury Instruction No. 14: Violation Alone Insufficient**
*Closing Instructions*

A failure to comply with a contract or a regulatory violation alone is insufficient to establish liability under the False Claims Act. Therefore, even if you conclude that Aerojet failed to comply with contract terms or federal regulations, that does not prove that Aerojet violated the False Claims Act. You must determine whether Relator proved by a preponderance of evidence all of the elements for liability under the False Claims Act.[30]

---

[30] *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2003 (2016) ("The False Claims Act is not 'an all-purpose antifraud statute,' or a vehicle for punishing garden-variety breaches of contract or regulatory violations."); *id.* at 2004 ("We emphasize … that the False Claims Act is not a means of imposing treble damages and other penalties for insignificant regulatory or contractual violations."); *U.S. ex rel. Hopper v. Anton,* 91 F.3d 1261, 1265 (9th Cir. 1996) ("It is not the case that any breach of contract, or violation of regulations or law, or receipt of money from the government where one is not entitled to receive the money, automatically gives rise to a claim under the FCA.").

**Aerojet's Proposed Jury Instruction No. 15: Fraudulent Inducement Elements**
*Closing Instructions*

I will now instruct you on the law as it applies to the specific claim brought by Mr. Markus. The Relator alleges that Aerojet violated the False Claims Act by causing the government agencies to enter into contracts by making false or fraudulent statements. To prove a violation of the False Claims Act, the Relator must separately prove all of the following elements for each of the seven contracts at issue separately. The elements include terms that I will define for you in the instructions that follow. Relator must prove that:

1.    Aerojet made "**false**" or "**fraudulent**" statements or promises. Each of you must agree as to the specific false or fraudulent statement;

2.    Aerojet "**knew**" that the statements or promises were false or fraudulent at the time they were made;

3.    The falsity or fraudulence of the statements or promises were "**material**" to the government agency's decision to award each contract; and

4.    That the false or fraudulent statements or promises "**caused**" the government agency to enter into each of the contracts.

If you find that the Relator has failed to establish any one of these elements, then you must return a verdict for Aerojet.[31]

---

[31]    31 U.S.C. § 3729; *Nyle J. Hooper v. Lockheed Martin Corp.,* No. 2:08-cv-00561, ECF No. 453-1 at 16 (C.D. Cal Mar. 27, 2014) *aff'd,* 640 F. App'x 633 (9th Cir. 2016) (Modified); *see also U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) (explaining a fraudulent inducement claim requires a false or fraudulent statement, made with scienter, that was material, and that caused the government to pay out money); 3C Fed. Jury Prac. & Instr. § 178:20 (6th ed.) (Modified for clarity and to reflect circumstances applicable to this case); *U.S. ex rel. Paradies v. GGNSC Admin. Servs., LLC*, No. 2:12-CV-00245-KOB, ECF No. 440 at 9–10 (N.D. Ala. Sept. 30, 2015) (Modified); *Uchytil v. Avanade*, No. C12-2091-JCC, 2018 WL 11236950, at *11 (W.D. Wash. Aug. 16, 2018) (Relator must "provide contract-specific evidence to establish FCA liability for each accused contract.").

1

**Aerojet's Proposed Jury Instruction No. 16: Definition of False or Fraudulent**
*Closing Instructions*

2

3

For purposes of the False Claims Act, "false" means an assertion that was an intentional, palpable lie when the statement is made.  The term "fraudulent" means an assertion that is known to be untrue when made.

4

5

If a government representative knew that Aerojet was not compliant with the Cybersecurity Clauses, this may show that Aerojet's statements were not false or fraudulent.[32]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

---

20

[32] 3C Fed. Jury Prac. & Instr. §§ 178:30, 178:31 (modified); *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996) ("For a certified statement to be 'false' under the Act, it must be an intentional, palpable lie. "); *United States ex rel. Berg v. Honeywell Int'l, Inc.*, 226 F. Supp. 3d 962, 972 (D. Alaska 2016), *aff'd,* 740 F. App'x 535 (9th Cir. 2018) ("Government knowledge may show that the contract has been modified or that its intent has been clarified, and therefore that the claim submitted by the contractor was not '**false**.'  As the Seventh Circuit has stated, 'if the government knows and approves of the particulars of a claim for payment before that claim is presented, the presenter cannot be said to have knowingly presented a fraudulent or false claim.'  In such a case, the government's knowledge effectively negates the fraud or falsity required by the FCA." (emphasis added)) (citation omitted), *see also U.S. ex rel. Butler v. Hughes Helicopters, Inc.*, 71 F.3d 321, 328–29 (9th Cir. 1995) (holding the defendant's disclosures to the government precluded a finding of falsity); *U.S. ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 (7th Cir. 1999) ("If the government knows and approves of the particulars of a claim for payment before that claim is presented, the presenter cannot be said to have knowingly presented a fraudulent or false claim.  In such a case, the government's knowledge effectively negates the fraud or falsity required by the FCA."); 3C Fed. Jury Prac. & Instr. § 178:50 ("Prior government knowledge of alleged false claims may be evidence that the representations were not 'false' or that the defendant did not act 'knowingly' and thus is not liable under the FCA.").

21

22

23

24

25

26

27

28

---

**Aerojet's Proposed Jury Instruction No. 17: Fraud Not Presumed**
*Closing Instructions*

      Fraud is never presumed.  It must always be proved by a preponderance of the evidence.  You should assume that persons and companies are fair and honest in their dealings until the contrary appears from the evidence.  If an event that is called into question is equally capable of two interpretations, one honest and the other fraudulent, it should be found to be honest.[33]

---

[33]    3 Fed. Jury Prac. & Instr. § 123:10 (Modified for clarity and to apply to the circumstances of this case).

AEROJET'S PROPOSED JURY INSTRUCTIONS

**Aerojet's Proposed Jury Instruction No. 18: Definition of Knowingly**
*Closing Instructions*

The Relator must also prove that any false or fraudulent statement was made "knowingly." The terms "knowing," "knowingly," or "knowledge" mean that a person (a) has actual knowledge of the true information, (b) acts with deliberate ignorance of the truth or falsity of the information, or (c) acts in reckless disregard of the truth or falsity of the information. Defendant must have made the false statement for the purpose of obtaining a contract.

Actual knowledge means that a defendant knew that the alleged false or fraudulent statements were, in fact, false or fraudulent.

Deliberate ignorance means that a defendant deliberately avoided learning the truth or falsity of the information in the claim, record or statement.

And finally, reckless disregard is an extreme version of ordinary negligence, and it's often referred to as gross negligence plus. You must find that the defendant had a high degree of awareness of the probable falsity of its statement. A defendant that makes a mistake or is negligent without more does not act with reckless disregard.

A company has not acted "knowingly" if its misstatement was the result of an innocent mistake or negligence. Finally, you must consider all evidence concerning whether one or more Government representatives was aware that Aerojet was not compliant with the Cybersecurity Clauses when determining whether Aerojet knew that a statement was false or fraudulent when it made it. In other words, if a Government representative was aware that Aerojet was not compliant with the Cybersecurity Clauses, this may show that Aerojet did not act with the required knowledge.[34]

---

[34]  31 U.S.C. § 3729; *U.S. ex rel. Colquitt v. Abbott Lab'ys.*, No. 3:06-cv-01769-M, ECF No. 820 at 6 (N.D. Tex. Apr. 7, 2016) (defining three standards of ("knowingly"); *U.S. ex rel. Purcell v. MWI*, No. 98-2088, ECF No. 506 at 37 (D.D.C. Feb. 13, 2015) (instructing "reckless disregard is an extreme version of ordinary negligence, and it's often referred to as gross negligence plus. A defendant that makes a mistake or is negligent without more does not act with reckless disregard."); 3C Fed. Jury Prac. & Instr. § 178:32 ("Defendant …must have made the false statement for the purpose of getting the false or fraudulent claim paid or approved by the Government."); *see also Hagood v. Sonoma Cty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) ("The False Claims Act, to repeat, requires a showing of knowing fraud. 'The requisite intent is the knowing presentation of what is known to be false,' as opposed to innocent mistake or mere negligence. 'Bad math is no fraud,' proof of mistakes 'is not evidence that one is a cheat,' and 'the common failings of engineers and other scientists are not culpable under the Act.' The statutory phrase 'known to be false' does not mean 'scientifically untrue'; it means 'a lie.' Likewise, the statutory phrase 'known to be false' does not mean incorrect as a matter of proper accounting methods, it means a lie."); *U.S. ex rel. Ruhe v. Masimo Corp.*, 977 F. Supp. 2d 981, 991 (C.D. Cal. 2013), *aff'd*, 640 F. App'x 666 (9th Cir. 2016); *Gross ex rel. v. AIDS Research Alliance-Chicago*, No. 01 C 8182, 2004 WL 905952, at *5 (N.D. Ill. April 27, 2004) ("[T]he FCA is a fraud prevention statute, not a means for policing regulatory compliance. Therefore a defendant's violations of applicable regulations are not fraud under the FCA unless the defendant knowingly lies to the government about them.") (citations omitted); *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1051 (9th Cir. 2012) ("[T]he extent and the nature of government knowledge may show that the defendant did not '**knowingly**' submit a false claim and so did not have the intent required by the post–1986 FCA." (emphasis added)); *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1157 (2d Cir. 1993) ("The fact that a contractor has fully disclosed all information to the government may show that the contractor has not 'knowingly' submitted a false claim, that is, that it did not act with 'deliberate ignorance' or 'reckless disregard for the truth.' In some cases, the fact that government officials knew of the contractor's actions may show that the contract has been modified or that its intent has been

**Aerojet's Proposed Jury Instruction No. 19: Good Faith Interpretation**
*Closing Instructions*

A good-faith interpretation of a contract or regulation, or the good-faith belief that the Government approved the conduct at issue does not violate the False Claims Act.[35]

---

clarified, and therefore that the claim submitted by the contractor was not 'false.'"); *U.S. ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 (7th Cir. 1999) ("If the government knows and approves of the particulars of a claim for payment before that claim is presented, the presenter cannot be said to have knowingly presented a fraudulent or false claim.  In such a case, the government's knowledge effectively negates the fraud or falsity required by the FCA. "); 3C Fed. Jury Prac. & Instr. § 178:50 (6th ed.) ("Prior government knowledge of alleged false claims may be evidence that the representations were not 'false' or that the defendant did not act 'knowingly' and thus is not liable under the FCA.").

[35]    *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, ECF No. 772 at 27 (N.D. Ill. Oct. 30, 2006) ("A claim based on the Defendants' good faith interpretation of the contract or good faith belief that the government approved the conduct at issue is not a claim that violates the False Claims Acts."); *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n.20 (2007) (modified) ("[Where] the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator."); *see also U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999) (no False Claims Act liability for "[i]mprecise statements or differences in interpretation growing out of a disputed legal question."); *Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) ("To take advantage of a disputed legal question . . . is to be neither deliberately ignorant nor recklessly disregardful."); *see also U.S. ex rel Cairns v. D.S. Medical LLC.*, No. 1:02-cv-06074, ECF No. 442, at 23 (E.D. Mo. Nov. 13, 2017).

**Aerojet's Proposed Jury Instruction No. 20: Definition of Material**
*Closing Instructions*

Materiality looks to the effect on the likely or actual behavior of the recipient of the alleged false or fraudulent statement.  A false or fraudulent statement is "**material**" if it has a natural tendency to influence, or be capable of influencing, the payment of money. In determining whether a statement is material, you may consider:

1.    Whether the Government's payment was conditioned on compliance with the contract provision or regulation, though this alone cannot establish materiality;

2.    The magnitude of the violation;

3.    Whether the violation was central to the purpose of the contract;

4.    Whether the Government consistently refuses to pay invoices because of non-compliance;

5.    How the Government treats similar violations;

6.    Whether the Government regularly pays claims despite knowing that the regulations were violated;

7.    Actions the Government took in response to knowledge of violations;

8.    subsequent regulatory changes; and

9.    whether the requirement was set forth in full or incorporated by reference.

You may consider other facts as well.[36]

---

[36]    31 U.S.C. § 3729(b)(4) ("[T]he term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."); *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 1996, 2002–04 (2016); *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1022 (9th Cir. 2018); *United States ex rel. Mei Ling v. City of Los Angeles*, 389 F. Supp. 3d 744, 753 (C.D. Cal. 2019); *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 334–35 (9th Cir. 2017) (considering removal of requirement in materiality analysis in addition to *Escobar*'s enumerated factors); *Knudsen v. Sprint Commc'ns Co.*, No. C13-04476 CRB, 2016 WL 4548924, at *13 (N.D. Cal. Sept. 1, 2016) ("After *Escobar*, it appears that government knowledge of noncompliance also bears on whether such violations were actually material to the government's decision to pay a claim."); *United States ex rel. Thomas v. Black & Veatch Special Projects Corp.*, 820 F.3d 1162, 1169-72 (10th Cir. 2016) (finding that mere incorporation by reference of regulation into contract weighed against materiality).

**Aerojet's Proposed Jury Instruction No. 21: Causation**
*Closing Instructions*

Causation requires a showing that the contracts would not have been awarded to Aerojet absent the false or fraudulent statements Relator claims that Aerojet made regarding Aerojet's compliance with the DFARS and NASA FARS Clauses.  In other words, the false statement or promise must have caused the government agency to award the specific contract.

Government actions after a contract is awarded are relevant to your evaluation of causation.[37]

---

[37]     *U.S. ex rel Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) ("the False Claims Act requires 'a causal rather than a temporal connection between fraud and payment.'") (citation omitted); *D'Agostino v, ev3, Inc.*, 845 F.3d 1, 8 (1st Cir. 2016) ("[F]raudulent inducement claims include not just materiality *but also causation*; the defendant's conduct must cause the government to make a payment or to forfeit money owed." (emphasis added)); *United States ex rel. Cimino v. Int'l Bus. Machs. Corp.*, 3 F.4th 412, 418 (D.C. Cir. 2021) (requiring actual, but-for causation to succeed on a fraudulent inducement theory under the FCA); *see also United States ex rel. Westrick v. Second Chance Body Armor Inc.*, 128 F. Supp. 3d 1, 18 (D.D.C. 2015), *on reconsideration in part*, 2017 WL 8809510 (D.D.C. Mar. 31, 2017), *on reconsideration in part*, 266 F. Supp. 3d 110 (D.D.C. 2017) ("To prevail under [a] fraudulent inducement theory, [the government] must prove not only that the omitted information was material but also that the government was induced by, or relied on, the fraudulent statement or omission when it awarded the contract . . . . In essence, the essential element of inducement or reliance is one of causation.") (internal citation omitted).

1

**Aerojet's Proposed Jury Instruction No. 22: Consider Damages Only if Necessary**
*Closing Instructions*

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that Relator has failed to prove any element, then you will not consider the question of damages.[38]

---

[38]     Model Civ. Jury Instr. 9th Cir. 5.1 (2021) (modified for clarity in line with Seventh Circuit pattern instructions); Fed. Civ. Jury Instr. 7th Cir. § 1.3 (2021) ("If you decide for the defendant[s] on the question of liability, then you should not consider the question of damages.").

AEROJET'S PROPOSED JURY INSTRUCTIONS

1

**Aerojet's Proposed Jury Instruction No. 23: Damages under the False Claims Act**
*Closing Instructions*

2

3          If you find for Relator, you must then determine whether any damages should be awarded.
The Relator has the burden of proving the existence of damages by a preponderance of the evidence
4    and the amount of damages to a degree of reasonable certainty for each contract.  It is for you to
determine what damages, if any, have been proved.  Your award must be based upon evidence and
5    not upon speculation, guesswork, or conjecture.  Any damages you award must be fair compensation
for any proven government losses.  Damages are not allowed as a punishment and they cannot be
imposed or increased to penalize a defendant.

6

7          Relator must prove a causal connection between any false statements and damages to the
government.  If you find that the government suffered damages because of the false statements, your
8    award should reflect the difference in value between what the government contracted for and what it
received from Aerojet.  If you conclude that the government did not suffer damages because of the
false statement, then you should not award any damages.

9

10         The False Claims Act also requires an award of penalties if you find liability even if you do
not award damages.  The court will determine what penalties are appropriate after you reach a
verdict.[39]

11

12

13

14

15

16

17   ───────────────────
[39]    31 U.S.C. § 3729(a)(1)(G) (requiring civil penalties upon liability finding); *U.S. ex rel. Tyson
v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, ECF No. 772 at 32 (N.D. Ill. Oct. 30, 2006) (giving
18   similar instruction); *United States v. J-M Mfg. Co., Inc.*, No. EDCV 06-55-GW-PJWX, 2020 WL
4196880, at *4 (C.D. Cal. June 5, 2020) ("Where a contractor's fraud consists of knowingly
19   submitting nonconforming goods with ascertainable market value, the Supreme Court has instructed
that the Government's actual damages are equal to the difference between the market value of the
20   product it received and the market value that the product would have had if it had been
of the specified quality."); *United States v. J-M Mfg. Co., Inc.*, No. 5:06-cv-00055, ECF No. 2756 at
21   3 (C.D. Cal. Nov. 7, 2018) ("Each Plaintiff bears the burden of proving its damages for each project
by a preponderance of the evidence" and "Plaintiffs seek damages for the difference between the
22   value of the pipe Plaintiffs received and the value the pipe would have had if it had been as
represented by J-M."); *United States v. Vandewater International Inc.*, 2:17-cv-04393, ECF No. 423
23   at 18 (C.D. Cal. Oct. 7, 2021) ("The measure of damages is the difference between what the
government received and what the government would have received if Defendant's statements were
24   truthful."); *see also* 3C Fed. Jury Prac. & Instr. § 178:60; Model Civ. Jury Instr. 9th Cir. 5.1 (2021);
*Epistar Corp. v. Lowes Companies, Inc.*, 2:17-cv-03219-JAK-KS, ECF No. 454 at 12 (instructing
25   "the damages you award are meant to compensate the patent holder and not to punish an infringer.");
*U.S. ex rel. Absher v. Momence Meadows Nursing Ctr., Inc. et al*, No. 2:04-cv-02289, Dkt. No. 402
26   at 7 (C.D. Ill. Feb. 3, 2013) (instructing "The federal False Claims Act provides, in pertinent part,
that any person [including a corporation] who:  (1) knowingly presents, or causes to be presented to
27   an officer or employee of the United States, a false or fraudulent claim for payment or approval; or
(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or
28   fraudulent claim paid or approved by the government is liable to the United States Government for a
civil penalty plus the damages which the government sustains.") (brackets in orig.).

1

**Aerojet's Proposed Jury Instruction No. 24: Financial Interest of Relator**
*Closing Instructions*

2

3

Mr. Markus has a financial interest in this case.  Under the False Claims Act, a successful relator is entitled to receive 25% to 30% of any damages awarded.  That amount would be determined by me after you have reached your verdict, if you find a violation of the False Claims Act.  Therefore, that amount is not a matter for your consideration.  However, you may consider Mr. Markus's financial interest in this litigation in determining whether he testified truthfully.  That a portion of any recovery may go to Mr. Markus should not affect any damages calculations.[40]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

----

[40]    31 U.S.C. § 3730(d)(2) ("If the Government does not proceed with an action under this section, the person bringing the action . . . shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages.  The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action[.]"); *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, No. CIV A 95-1231 RCL, 2007 WL 851868, at *1 (D.D.C. Mar. 14, 2007) ("[T]he fact that relator has a significant financial interest in this litigation is fair game . . . as it pertains to relator's potential bias."); *U.S. ex rel. Colquitt v. Abbott Lab'ys*, No. 3:06-cv-01769-M, ECF No. 820 at 5 (N.D. Tex. Apr. 7, 2016); *United States ex rel. Koch v. Koch Indus.*, No. 91-CV-763-K(J), 1999 U.S. Dist. LEXIS 16622, at *10 (N.D. Okla. July 7, 1999) ("[T]he Court will instruct the jury generally about the relevant parties in this False Claims Act case, including the fact that Plaintiffs are relators suing on behalf of the government. . . . the Court will inform the jury that Plaintiffs will receive 25-30% of whatever amount the jury chooses to award to the United States and that the remaining 70-75% will be paid to the United States.  As the Court has previously held, the parties may also provide the jury with this same type of general information in their opening and closing statements to the jury.").

22

23

24

25

26

27

28

----

AEROJET'S PROPOSED JURY INSTRUCTIONS

1

**PROPOSED DELIBERATION AND DISCHARGE INSTRUCTIONS**

2

**Aerojet's Proposed Jury Instruction No. 25: Verdict Form**
*Deliberation and Discharge Instructions*

3

4

      A verdict form has been prepared for you.  Please read the questions and follow the instructions on that form.  The verdict form is broken down by the contracts at issue in the case.  Start with question 1 on the form and then read the instructions instructing you what to do next.

5

6

      After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.[41]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[41]    Model Civ. Jury Instr. 9th Cir. 3.5 (2021) (modified to explain Aerojet's proposed verdict form).

33

**Aerojet's Proposed Jury Instruction No. 26: Deadlock Jury**
*Deliberation and Discharge Instructions*

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors.  During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now return to the jury room and continue your deliberations.[42]

---

[42]   Model Civ. Jury Instr. 9th Cir. 3.7 (2021).

AEROJET'S PROPOSED JURY INSTRUCTIONS

**Aerojet's Proposed Jury Instruction No. 27: Continuing Deliberation after Juror Is Discharged**

*Deliberation and Discharge Instructions*

One of your fellow jurors has been excused from service and will not participate further in your deliberations.  You should not speculate about the reason the juror is no longer present.

You should continue your deliberations with the remaining jurors.  Do not consider the opinions of the excused juror as you continue deliberating.  All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.[43]

---

[43]     Model Civ. Jury Instr. 9th Cir. 3.8 (2021).

**Aerojet's Proposed Jury Instruction No. 28: Discharge Instructions**
*Deliberation and Discharge Instructions*

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.[44]

---

[44]     Model Civ. Jury Instr. 9th Cir. 3.9 (2021).

AEROJET'S PROPOSED JURY INSTRUCTIONS

1        DATED: April 15, 2022                    Respectfully submitted,

2

3                                     KIRKLAND & ELLIS, LLP

*/s/ Tammy A. Tsoumas*

4 Mark Holscher (SBN 139582)
mark.holscher@kirkland.com

5 Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com

6 KIRKLAND & ELLIS LLP
2049 Century Park East

7 Los Angeles, CA 90067
Telephone:    (310) 552-4200

8 Facsimile:     (310) 552-5900

9 Ashley Neglia (SBN 298924)
ashley.neglia@kirkland.com

10 KIRKLAND & ELLIS LLP
555 S. Flower Street, Suite 3700

11 Los Angeles, CA 90071
Telephone:    (213) 680-8400

12 Facsimile:     (213) 680-8500

13 Sable Hodson (SBN 313252)
sable.hodson@kirkland.com

14 KIRKLAND & ELLIS LLP
1601 Elm Street

15 Dallas, TX 75201
Telephone:    (214) 972-1770

16 Facsimile:     (214) 972-1771

17 *Attorneys for Defendants*

18

19

20

21

22

23

24

25

26

27

28

---

37

AEROJET'S PROPOSED JURY INSTRUCTIONS