LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
DAVID W. SCHECTER (State Bar No. 296251)
dschecter@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

GREGORY A. THYBERG (State Bar No. 102132)
greg@thyberglaw.com
THYBERGLAW
3104 O STREET #190
SACRAMENTO, CALIFORNIA 95816
Telephone: (916) 204-9173

Attorneys for Relator
BRIAN MARKUS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA: ex rel. BRIAN MARKUS, an individual<br><br>REALTOR,<br><br>v.<br><br>AEROJET ROCKETDYNE HOLDINGS, INC., a corporation and AEROJET ROCKETDYNE, INC. a corporation,<br><br>Defendants. | **CASE NO. 2:15-cv-2245-WBS-AC**<br><br>**RELATOR'S BRIEF IN RESPONSE TO DEFENDANTS' TRIAL BRIEF**<br><br>Trial Date: April 26, 2022<br><br>The Hon. William B. Shubb |

561383.1

**TABLE OF CONTENTS**

<u>Page</u>

I.  RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*..............................................5

    A.  Motion *in Limine* No. 1 to Exclude References to Endangering American Lives and Foreign Actors........................5

    B.  Motion *in Limine* No. 2 to Exclude Audits Performed by Ernst & Young and Grant Thornton...................................6

    C.  Motion *in Limine* No. 3 to Preclude Argument and/or References to "Billions" of Dollars in Damages......................8

    D.  Motion *in Limine* No. 4 to Exclude References, Argument, and Evidence to [sic] 2013 Pratt & Whitney Rocketdyne Attacks...............................................................9

    E.  Motion *in Limine* No. 5 to Pre-Admit Government Declarations........................................................................10

    F.  Motion *in Limine* No. 6 to Exclude Testimony from Witnesses Not Identified by Name in Relator's Pretrial Statement...............................................................12

    G.  Motion *in Limine* No. 7 to Exclude Improper Non-Retained Expert Testimony..............................................12

    H.  Motion *in Limine* No. 8 to Exclude Allegations Made in Complaints in Other Litigation.......................................12

    I.  Motion *in Limine* No. 9 to Exclude Arguments, References, and Evidence Regarding Aerojet's Earnings and Executive Compensation.................................13

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Brodit v. Cambra*,
    350 F.3d 985 (9th Cir. 2003) .................................................................. 5, 8

*Crane-Mcnab v. County of Merced*,
    No. CIV. 1:08-1218 WBS SMS, 2011 WL 94424 (E.D. Cal.
    Jan. 11, 2011) ........................................................................................ 5, 8

*Debra P. by Irene P. v. Turlington*,
    730 F.2d 1405 (11th Cir. 1984) .................................................................. 7

*Dollar v. Long Mfg., N.C., Inc.*,
    561 F.2d 613 (5th Cir. 1977) ....................................................... 6, 9, 10, 13

*In re WorldCom, Inc. Sec. Litig.*,
    No. 02 Civ.3288 DLC, 2005 WL 375314 (S.D.N.Y. Feb. 17,
    2005) .............................................................................................................. 8

*Reid Bros. Logging Co. v. Ketchikan Pulp Co.*,
    699 F.2d 1292 (9th Cir. 1983) .................................................................... 6

*United States ex rel. Hendow v. Univ. of Phx.*,
    461 F.3d 1166 (9th Cir. 2006) .................................................................... 7

*United States v. Yida*,
    498 F.3d 945 (9th Cir. 2007) ................................................................ 11, 12

*V5 Techs., LLC v. Switch, Ltd.*,
    No. 2:17-cv-02349-KJD-VCF, 2021 WL 5283952 (D. Nev.
    Nov. 10, 2021) ................................................................................................ 7

**FEDERAL STATUTES**

31 U.S.C. § 3729(a)(1)(A) ................................................................................ 7

**FEDERAL RULES**

E.D. Cal. Loc. R. 285 ...................................................................................... 5

Fed R. Civ. P. 26 ............................................................................................ 12

Fed. R. Civ. P. 43(a) ...................................................................................... 10

Fed. R. Evid. 403 ............................................................................................ 12

Fed. R. Evid. 801(c)(2) ................................................................................................. 6, 7

Fed. R. Evid. 801(d)(2)(C) ................................................................................................. 6

Fed. R. Evid. 807 ............................................................................................................ 6, 7

Fed. R. Evid. 807(a)(1) ....................................................................................................... 7

Pursuant to Local Rule 285, Relator Brian Markus ("Relator") submits this brief in response to the motions *in limine* set forth in Defendants' trial brief (Dkt. 195).

**I.     RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE***

**A.     Motion *in Limine* No. 1 to Exclude References to Endangering American Lives and Foreign Actors**

This is not a proper motion *in limine*. A motion *in limine* is designed to "avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Crane-Mcnab v. County of Merced*, No. CIV. 1:08-1218 WBS SMS, 2011 WL 94424, at *1 (E.D. Cal. Jan. 11, 2011) (alteration in original) (citing *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003)). References to the stakes at issue in this case—such as endangerment of lives when sensitive data is leaked to foreign state actors—is not the type of evidence or argument that cannot be addressed and rebutted by Defendants' witnesses and by Defendants' attorneys in closing argument.

Indeed, this Court has already told Defendants that this is not a necessary *in limine* motion. At the March 17, 2022 status conference, Defendants raised this exact issue and argued that it was the proper subject of a motion *in limine*. In response, the Court said:

> I happen to differ with you as to whether that cannot be undone . . . just because somebody makes a reference to it doesn't mean that so infects the trial that the jury cannot decide the trial based on the issues that I tell them they must consider in the case.

(Dkt. 182 at 38:24-39:7)

This case concerns allegations that a major defense contractor for sophisticated missile and rocket systems misled the United States Government about their lack of compliance with cybersecurity requirements.  It is not unduly prejudicial for the jury to know that these requirements are in place to protect American lives and thwart interference from hostile foreign nations.  *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.  Virtually all evidence is prejudicial or it isn't material.  The prejudice must be 'unfair.'").

**B.**     **Motion *in Limine* No. 2 to Exclude Audits Performed by Ernst & Young and Grant Thornton**

These audits are admissible because (1) they are statements by an opposing party and therefore not hearsay; (2) they are admissible under the residual hearsay exception; and (3) they are admissible for a non-hearsay purpose.  Fed. R. Evid. 801(c)(2), 801(d)(2)(C), 807.  These arguments are set forth below:

The audits are party admissions, and therefore not hearsay, because Aerojet commissioned Ernst & Young and Grant Thornton to conduct the audits at issue.  Per Ninth Circuit precedent, reports created by non-parties at the request of a party to an action constitute statements by party opponents and are therefore not hearsay. *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1306-07 (9th Cir. 1983) (survey of logging company's timber operations created by non-party at the behest of defendant was admissible under Rule 801(d)(2)(C)); *V5 Techs., LLC v. Switch, Ltd.*, No. 2:17-cv-02349-KJD-VCF, 2021 WL 5283952, at *1

(D. Nev. Nov. 10, 2021) (report created by non-party consultant at the behest of plaintiff was admissible as a party admission). Therefore, these reports are admissible.

Even if the audit reports were not party admissions (which they are), the reports are admissible under Rule 807's residual hearsay exception. The evidence at trial will show that Ernst & Young and Grant Thornton are two of the world's largest, most respected audit firms. The evidence will further show that Aerojet hired these companies to audit its cybersecurity capabilities, and even Aerojet's own witnesses have acknowledged that they took the findings in these audit reports seriously. Aerojet does not argue that any of these reports are inauthentic. Accordingly, the reports have sufficient guarantees of trustworthiness under the totality of the circumstances. Fed. R. Evid. 807(a)(1); *Debra P. by Irene P. v. Turlington*, 730 F.2d 1405, 1413 (11th Cir. 1984) (non-party consultant report admissible under residual hearsay exception because it had circumstantial guarantees of trustworthiness).

Additionally, these reports are admissible for non-hearsay purposes. Fed. R. Evid. 801(c)(2). Aerojet's knowledge of the vulnerabilities in its cybersecurity system is an element of Relator's promissory fraud claim (31 U.S.C. § 3729(a)(1)(A); *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1173 (9th Cir. 2006)), and Aerojet's motive for misrepresenting its compliance with certain cybersecurity requirements will be a central issue in the trial. These audit reports are admissible for the non-hearsay purposes of establishing Defendants' knowledge and motive.

### C. Motion *in Limine* No. 3 to Preclude Argument and/or References to "Billions" of Dollars in Damages

This motion *in limine* should be denied because it is not a proper topic for a motion *in limine*. A motion *in limine* serves to "avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Crane-Mcnab*, 2011 WL 94424, at *1 (alteration in original) (citing *Brodit*, 350 F.3d at 1004-05). As is the case with Defendants' first motion *in limine*, the amount of damages is not the type of unduly prejudicial evidence that this principle applies to.

Relator contends that all the contracts and subcontracts are at issue, potentially exposing Defendants to billions of dollars of liability. (*See* Dkt. 194 at 18:21-20:26.) Indeed, the Court recognized in its ruling on summary judgment that Relator claims damages are in the billions of dollars and added that "the amount of statutory or actual damages, if any, to which relator would be entitled is for the trier of fact to determine." (Dkt. 155 at 18:18-19:6.) Defendants argue that referencing the actual dollar amount of potential damages is unduly prejudicial and likely to mislead the jury. But that argument is not a basis to prevent Relator from informing the jury of its damages evidence. Defendants will have the opportunity to present rebuttal evidence and argue that the damages are far less than Relator claims they are. Thus, there is no risk of ringing a bell that cannot be unrung. *See In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ.3288 DLC, 2005 WL 375314, at *8 (S.D.N.Y. Feb. 17, 2005) (testimony about a potential damage award of $17 billion was not unfairly

prejudicial because "[t]estimony about the damages suffered by [plaintiffs] does not constitute unfair prejudice"); *see also Dollar*, 561 F.2d at 618 ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.  Virtually all evidence is prejudicial or it isn't material.  The prejudice must be 'unfair.'").

> D. **Motion *in Limine* No. 4 to Exclude References, Argument, and Evidence to [sic] 2013 Pratt & Whitney Rocketdyne Attacks**

Defendants argue that evidence relating to 2013 cybersecurity breaches on Rocketdyne prior to Rocketdyne's merger with Aerojet should be excluded because such evidence is unduly prejudicial and irrelevant.  Neither claim is true, and this motion *in limine* should be denied.

On top of boilerplate assertions that such evidence is unduly prejudicial, Defendants argue that (1) the 2013 attacks are "irrelevant to the state of cybersecurity on Aerojet's systems" because they happened prior to the corporate merger; and (2) this is at best a "collateral" issue because the government was involved in investigating these breaches and there is no evidence that "these attacks on non-Aerojet systems swayed any government contracting officer's decision."  (Dkt. 195 at 25-26.)

But the Court already explained in detail why such evidence is relevant in its ruling on summary judgment:

> Even though the network was not fully in defendants' control at the time of the breaches, defendants note the information technology systems integrated later. This evidence creates a genuine dispute of material fact concerning whether the problems outlined in the reports stemming from the 2013 breaches were still

> occurring when the companies integrated.  There is no evidence that the recommendations in the 2013 report were acted upon.  Further, there is no showing that these 2013 breaches were disclosed to the contracting agencies, or were not relevant to compliance with the necessary regulations.

(Dkt. 155 at 12:10-21 (citations omitted).)

The evidence at trial will show that the cybersecurity vulnerabilities that led to the hacks and malware infections in Rocketdyne's system in 2013 continued to exist after the merger of the two systems.  Aerojet is more than capable of presenting contrary evidence, and the jury must decide which evidence is more credible.  There is no risk of ringing a bell that cannot be unrung.  *Dollar*, 561 F.2d at 618 ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.  Virtually all evidence is prejudicial or it isn't material.  The prejudice must be 'unfair.'").

### E. **Motion *in Limine* No. 5 to Pre-Admit Government Declarations**

Defendants make a motion *in limine* to pre-admit declarations of government witnesses who were not deposed.  Defendants argue that these declarations are admissible even if the government witnesses do not testify at trial. This motion is wholly without legal support and, if granted, would fundamentally impair Relator's right to a fair trial.

As an initial matter, declarations constitute written testimony that does not comply with Federal Rule of Civil Procedure 43(a), which requires that any testimony "must be taken in open court" unless an exception applies.  The Ninth Circuit recognizes that "[u]nderlying both the constitutional principles

and the rules of evidence is a preference for live testimony. Live testimony gives the jury (or other trier of fact) the opportunity to observe the demeanor of the witness while testifying." *United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007).

No exception to these rules applies here, and Defendants make no attempt to fit within any recognized exception. Instead, Defendants merely argue that testimonial declarations can be admitted merely through a hearsay exception. But Defendants ignore the fact that these are testimonial documents which require a live witness or, if permissible under the rules, testimony by deposition.

Defendants have not made an attempt to bring these declarants to court to testify. Aerojet has not submitted a Touhy request to the U.S. Government requesting that the government make these witnesses available at trial. Thus, there has been no showing that these declarants are unavailable. Even if they were unavailable, their testimony can only come in by deposition—not by written declarations.

Moreover, Aerojet's attempt to introduce these declarations is blatant gamesmanship. Aerojet did not disclose these declarants in its Rule 26 initial disclosures. Aerojet did not provide Relator with copies of the declarations until very late in the case. Indeed, some of the declarations were signed in July 2021 after the close of party discovery and within weeks of the close of non-party discovery. (Dkt. 100 (party discovery closed May 7, 2021); Dkt. 111 (non-party discovery closed September 7, 2021).)

Thus, it would be completely unfair for Defendants to be able to introduce written declarations by declarants who have not been deposed, will not testify during the trial and thus will not be subject to cross-examination, and could not reasonably have been deposed or discovery taken to rebut their written testimony.

Additionally, these declarations should also be excluded under Federal Rule of Evidence 403. The probative value of these unauthenticated, out-of-court statements that may not be subject to any cross-examination is substantially outweighed by undue prejudice. Again, the substantial prejudice is evidenced by the fact that the jury will not be able to view the witnesses while testimony is introduced and Relator will have no opportunity to cross-examine the witnesses. *See Yida*, 498 F.3d at 950.

**F.** **Motion *in Limine* No. 6 to Exclude Testimony from Witnesses Not Identified by Name in Relator's Pretrial Statement**

This motion *in limine* should be denied. Disclosing unnamed records custodians, whose testimony will only be used to authenticate corporate records, does not prejudice Defendants in any way.

**G.** **Motion *in Limine* No. 7 to Exclude Improper Non-Retained Expert Testimony**

This motion *in limine* is moot. Relator's witnesses who are percipient experts will testify consistent with the requirements of Federal Rule of Civil Procedure 26.

**H.** **Motion *in Limine* No. 8 to Exclude Allegations Made in Complaints in Other Litigation**

This motion *in limine* is moot. Relator does not intend to

introduce allegations made in complaints other than this one.

### I. Motion *in Limine* No. 9 to Exclude Arguments, References, and Evidence Regarding Aerojet's Earnings and Executive Compensation

Contrary to Defendants' claims, evidence relating to Aerojet's finances, including its earnings and executive compensation, is relevant to this case. One of the defenses in this case is that any false statements in procuring government contracts were not material because the government knew that complying with the regulations was not practical. (*See, e.g.*, Dkt. 195 at 2:5-3:16, 7:10-13.) Evidence that Aerojet had significant revenues and was paying its executives handsomely, while refusing to pay the costs necessary to implement adequate cybersecurity safeguards, undermines this defense. Such evidence also speaks to Defendants' intent or motive. The fact that this evidence paints Defendants in a negative light does not make it unduly prejudicial or irrelevant. *Dollar*, 561 F.2d at 618 ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"). Thus, the Court should deny this motion *in limine*.

DATED: April 19, 2022        MILLER BARONDESS, LLP

By:   */s/ David W. Schecter*
    DAVID W. SCHECTER
    Attorneys for Realtor
    BRIAN MARKUS