# EXHIBIT 1

Exhibit 1
Page 6

# QUI TAM SETTLEMENT AGREEMENT

This Agreement (the "Qui Tam Settlement Agreement" or the "Agreement") is entered into by and among Brian Markus, pursuant to his authority under Title 31, United States Code, Section 3730(c)(3) ("Relator"), on the one hand, and Aerojet Rocketdyne Holdings, Inc. and Aerojet Rocketdyne, Inc. (collectively "Aerojet Rocketdyne" or "Defendants"), on the other. Relator and Defendants shall be collectively referred to as the "Parties" to this Qui Tam Settlement Agreement.

## Recitals

A.  WHEREAS, on October 29, 2015, Relator, a former employee of Aerojet Rocketdyne, filed a *qui tam* action (the "Action") in the United States District Court for the Eastern District of California under seal, captioned *United States ex rel. Brian Markus v. Aerojet Rocketdyne Holdings, Inc., et al.*, Case No. 2:15-cv-02245-WBS-AC, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), naming Aerojet Rocketdyne as a defendant;

B.  WHEREAS, on September 13, 2017, Relator filed a First Amended Complaint ("FAC"), which alleged Promissory Fraud in violation of 31 U.S.C. § 3729(a)(1)(A); False or Fraudulent Statement or Record in violation of 31 U.S.C. § 3729(a)(1)(B); and Conspiracy to Submit False Claims in violation of 31 U.S.C. § 3729(a)(1)(C). The FAC also alleged retaliation under the False Claims Act, violations of California Labor Code § 970, and wrongful termination in violation of public policy (collectively Relator's "Employment Claims") in addition to the claims described above;

C.  WHEREAS, on June 5, 2018, the United States Department of Justice notified the Court that it was not intervening and declined at that time to take over the Action pursuant to 31 U.S.C. § 3730(b)(4)(B). Relator thereby obtained the right to conduct the Action;

D. WHEREAS, on January 4, 2019, Relator filed a Second Amended Complaint;

E. WHEREAS, Defendants moved to dismiss the Action on February 22, 2019 and the Court granted the motion in part on May 8, 2019;

F. WHEREAS, Defendants also moved to stay proceedings and compel arbitration of Relator's Employment Claims on February 22, 2019, and the Court granted that request, in part, on May 8, 2019, compelling Relator's Employment Claims to arbitration;

G. WHEREAS, the parties cross moved for summary judgment and/or summary adjudication on September 20, 2021. And on February 1, 2022, the Court granted Defendants' motion as to Relator's false certification claim and Defendants' request for summary adjudication, in part, regarding the contracts that remained at issue in the case, but denied Defendants' Motion as to Promissory Fraud and denied Relator's Motion;

H. WHEREAS, on April 26, 2022, trial in this Action began, a jury was selected, and the Parties delivered their respective opening statements;

I. WHEREAS, on April 27, 2022, during the second day of trial, the Parties reached a settlement in principle, subject to the Parties drafting and executing a settlement agreement, and as a result, the jury was dismissed;

J. WHEREAS, the Parties have reached an agreement and desire to fully and finally resolve the issue of the Action and seek dismissal of the Action in its entirety with prejudice as to the Relator and without prejudice to the United States;

K.  WHEREAS the Parties have contemporaneously entered into confidential settlement agreements regarding Relator's Employment Claims and any claims by his counsel under 31 U.S.C. § 3730(d)(2);

L.  WHEREAS, Defendants expressly deny any violation of the False Claims Act or wrongdoing of any kind and have entered into this Qui Tam Settlement Agreement to avoid the time, expense, and resources necessary to defeat Relator's disputed claim or claims.

## Terms of Agreement

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, for good and valuable consideration as stated herein, and in compromise of the Action pursuant to 31 U.S.C. § 3730, the Parties agree as follows:

1.  **Payment.**  Defendants shall pay to the United States a total amount of $9 Million ($9,000,000) (the "Settlement Amount") by electronic funds transfer pursuant to such written instructions as provided by the Office of the United States Attorney for the Eastern District of California no later than 15 business days after the Effective Date of this Qui Tam Settlement Agreement.

2.  **Relator's Share.**  Relator represents that he has entered into a separate Relator's Share Agreement with the United States pursuant to which, conditioned upon the United States receiving the Settlement Amount from Aerojet Rocketdyne as provided in Paragraph 1, he will receive a share of the Settlement Amount pursuant to 31 U.S.C. § 3730(d).

3.  **Effective Date.**  This Qui Tam Settlement Agreement is conditioned upon the District Court's approval of the settlement and dismissal of the Action with prejudice as to the

Relator.  The Effective Date shall be the date the Court approves the settlement and dismisses with prejudice as to the Relator.

4.     **Mutual Release.**  The Relator, for himself and for his heirs, successors, agents, and assigns, or any other person or entity acting on his behalf or asserting his rights, fully and finally releases, waives, and forever discharges the Defendants and all of their current and former parent corporations, direct and indirect subsidiaries, divisions, joint ventures, predecessors, successors, assigns, and affiliates, and each and all of their current and former officers, directors, shareholders, employees, attorneys, agents, and contractors, individually and collectively, from all liability, claims, demands, claims for relief, actions, rights, causes of action whatsoever, suits, debts, obligations, liabilities, demands, losses (including treble damages and any civil penalties), punitive damages, costs and expenses of any kind, character or nature whatsoever, existing as of the Effective Date of this Qui Tam Settlement Agreement including, but not limited to, the Covered Conduct defined below, whether known or unknown, fixed or contingent, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or in common law, or that Relator or his heirs, successors, agents, or assigns would have standing to bring, whether or not related to the Action, with the exception of Relator's Employment Claims (that are the subject of an arbitration between the Relator and Aerojet Rocketdyne, Inc., captioned JAMS Ref No. 1130009262) and Relator's and/or his counsels' claims for attorneys' fees and costs under 31 U.S.C. § 3730(d), which are being resolved by separate confidential agreements and are expressly not covered by this Qui Tam Settlement Agreement or release.  Subject to this exception, this Paragraph is intended to be interpreted as a general release on behalf of Relator, who warrants and represents that he has not assigned or transferred any of his claims to any person, entity, or thing.

Defendants and all of their current and former parent corporations, direct and indirect subsidiaries, divisions, joint ventures, predecessors, successors, assigns, and affiliates, and each and all of their current and former officers, directors, shareholders, employees, attorneys, agents, and contractors, individually and collectively, fully and finally releases, waives, and forever discharges the Relator his heirs, successors, agents, attorneys and assigns, from all liability, claims, demands, claims for relief, actions, rights, causes of action whatsoever, suits, debts, obligations, liabilities, demands, losses (including treble damages and any civil penalties), punitive damages, costs and expenses of any kind, character or nature whatsoever, existing as of the Effective Date of this Qui Tam Settlement Agreement including, but not limited to, the Covered Conduct defined below, whether known or unknown, fixed or contingent, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or in common law, or that Defendants would have standing to bring.

5.     **Unknown Claims.**  It is the intention of the Parties in executing this Qui Tam Settlement Agreement that it shall be effective as a bar to each of the released claims specified in this Agreement.  In furtherance of this intention, Relator and Aerojet Rocketdyne hereby expressly agree that this Agreement shall be given full force and effect as to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, if any, as well as those relating to any other claims herein specified.  Having been so apprised, Relator and Aerojet Rocketdyne expressly waive all rights under California Civil Code § 1542, provided below, and any materially similar statutory provisions.

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

6. **Covered Conduct.** The Relator alleged Aerojet Rocketdyne procured government contracts for development and production, with customers including, but not limited to, the Air Force, the Army, the Missile Defense Agency, and prime contractors, which violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, because Defendants allegedly misrepresented whether or to what extent Aerojet Rocketdyne complied with contractual cyber securities requirements including, but not limited to, DFARS Clause 252.204-7012 and NFS Clause 1852.204-76. Relator further alleged that Aerojet Rocketdyne was not compliant with DFARS Clause 252.204-7012 and NFS Clause 1852.204-76 or that, to the extent it informed its customers of its noncompliance, Aerojet Rocketdyne misrepresented the degree to which it was not compliant and that Aerojet Rocketdyne conspired to do so. The alleged conduct is referred to as the "Covered Conduct." For the avoidance of any doubt, Covered Conduct also includes any and all claims arising from the allegations contained in the First and Second Amended Complaint filed in this Action.

7. **Dismissal of Action.** Within two (2) business days following execution of this Qui Tam Settlement Agreement by Relator and his counsel, the Parties will file a joint stipulation, substantially in the form reflected in **Exhibit A,** requesting that the Court approve the settlement and dismiss the Action as to Relator with prejudice and without prejudice to the United States. All Parties hereto agree not to appeal and waive appeal. Should the United States appeal the dismissal of this Action, this Agreement shall be void in its entirety and Aerojet Rocketdyne shall be entitled to recoup the full Settlement Amount from the United States, and, to the extent that any amounts have been paid by the United States to Relator, Aerojet Rocketdyne shall be entitled to recoup such amounts from Relator and not the United States.

8. **Unallowable Cost.** Aerojet Rocketdyne agrees to the following:

a.   Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Aerojet Rocketdyne, and its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)   the matters covered by this Agreement;

(2)   the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)   Aerojet Rocketdyne's investigation and defense undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4)   the negotiation and performance of this Agreement;

(5)   the payment Aerojet Rocketdyne makes to the United States pursuant to this Agreement and any payments that Aerojet Rocketdyne may make to Relator, including costs and attorneys' fees,

are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs").

b.   Future Treatment of Unallowable Costs:  Unallowable Costs will be separately determined and accounted for by Aerojet Rocketdyne, and Aerojet Rocketdyne shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c.   Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Aerojet Rocketdyne shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs

included in payments previously sought by Aerojet Rocketdyne or any of its subsidiaries or affiliates from the United States. Aerojet Rocketdyne agrees that the United States, at a minimum, shall be entitled to recoup from Aerojet Rocketdyne any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Aerojet Rocketdyne's books and records and to disagree with any calculations submitted by Aerojet Rocketdyne or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Aerojet Rocketdyne, or the effect of any such Unallowable Costs on the amount of such payments.

9. **Governing Law; Venue.** This Qui Tam Settlement Agreement is governed by the laws of the United States and the laws of the State of California without regard to its conflict of law rules. The exclusive jurisdiction and venue for any dispute relating to this Qui Tam Settlement Agreement is the United States District Court for the Eastern District of California and the courts of the State of California.

10. **Counterparts.** This Qui Tam Settlement Agreement may be executed in multiple originals, and each shall be of the same force and effect at law as the original.

11. **Interpretation.** The Parties agree and represent that their respective counsel have reviewed and revised this Qui Tam Settlement Agreement on their behalf. Any uncertainty or ambiguity in this Qui Tam Settlement Agreement or any amendments hereto shall not be construed for or against any Party, since all Parties have participated in the negotiations and drafting of this Qui Tam Settlement Agreement and any amendments hereto.

12. **Authority.**  Each person who signs the Qui Tam Settlement Agreement in a representative capacity warrants that he or she is duly authorized to do so.

13. **Other Costs and Fees.**  Except for Relator's and/or his counsels' claims for reasonable expenses and attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d), which are the subject of a confidential settlement agreement between the Parties, each of the Parties shall bear its own legal and other costs incurred in connection with this Action, including the preparation and performance of this Qui Tam Settlement Agreement.

14. **No Admission; Claims Disputed.**  Relator agrees that this Qui Tam Settlement Agreement and the payment of money by Defendants is a compromise settlement of disputed claims, and shall not be deemed or construed at any time or for any purpose to be an admission of any fact or liability by Defendants of any violation of Relator's rights, or any violation of contract or statutory or common law, or of any wrongdoing of any kind.  However, this Qui Tam Settlement Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Qui Tam Settlement Agreement, or to support a defense by the Parties of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, and any other applicable defenses.

15. **Non-disparagement.**  Defendants and Relator agree that they will not intentionally make statements disparaging each other.  Relator agrees not to express or cause to be expressed to any person and/or entity including, but not limited to, any media or news outlets or organizations, reporters, internet sources (including social media platforms), or websites (including blogs, etc.), any derogatory or damaging statements (in private and/or in public) about Defendants (including but not limited to Defendants' current and former parent corporations, direct and indirect subsidiaries, affiliates, agents, employees, representatives, attorneys, officers, directors,

successors, and assigns), the business condition of Defendants, the state of Defendants' cybersecurity systems at any point in time, and/or any other matter that relates to Defendants' business. Defendants similarly agree not to express or cause to be expressed to any person and/or entity including, but not limited to, any media or news outlets or organizations, reporters, internet sources (including social media platforms), or websites (including blogs, etc.), any derogatory or damaging statements (in private and/or in public) about the Relator. However, nothing in this Agreement shall prohibit any Party from disclosing public information about this case, such as the names of the Parties, the allegations set forth in the Second Amended Complaint, quotes from or summaries of allegations in the Second Amended Complaint or of other publicly-available information. For purposes of this Paragraph, "statements" means verbal and/or written communication, nonverbal gestures, and/or any other method of connoting something to another person and/or entity.

16.     **Complete Agreement**.  This Qui Tam Settlement Agreement constitutes the complete agreement among the Parties with respect to the Action. The Parties further agree that in deciding to enter into this Qui Tam Settlement Agreement, they have not relied on any statements or representations by any Party or any other person not explicitly contained in this Qui Tam Settlement Agreement. This Qui Tam Settlement Agreement shall not be varied, modified, or contradicted by evidence of prior contemporaneous or subsequent agreements or conduct of any nature, absent an express writing signed by the Parties.

BRIAN MARKUS

Dated: 06/29/2022        By: *[signature]*
                             Brian Markus
                             *Individually and as Relator Pursuant to*
                             *31 U.S.C. § 3730(c)(3)*


AEROJET ROCKETDYNE HOLDINGS, INC. and
AEROJET ROCKETDYNE, INC.

Dated: 6/30/22           By: *[signature]*
                             Joseph E. Chontos
                         Its: Acting General Counsel


APPROVED AS TO CONTENT BY:

Dated: _____         By: _____
                             Louis R. Miller
                             *Attorney for United States of America ex rel.*
                             *Brian Markus*


Dated: _____         By: _____
                             Gregory A. Thyberg
                             *Attorney for United States of America ex rel.*
                             *Brian Markus*


Dated: _____         By: _____
                             Mark Holscher
                             *Attorney for Aerojet Rocketdyne Holdings, Inc.*
                             *and Aerojet Rocketdyne, Inc.*

11

Exhibit 1
Page 17

BRIAN MARKUS

Dated: _____   By: _____
                          Brian Markus
                          *Individually and as Relator Pursuant to*
                          *31 U.S.C. § 3730(c)(3)*


AEROJET ROCKETDYNE HOLDINGS, INC. and
AEROJET ROCKETDYNE, INC.

Dated: _____   By: _____

                       Its: _____


APPROVED AS TO CONTENT BY:

Dated: 6/29/22      By: _____
                        Louis R. Miller
                        *Attorney for United States of America ex rel.*
                        *Brian Markus*


Dated: _____   By: _____
                          Gregory A. Thyberg
                          *Attorney for United States of America ex rel.*
                          *Brian Markus*


Dated: _____   By: _____
                          Mark Holscher
                          *Attorney for Aerojet Rocketdyne Holdings, Inc.*
                          *and Aerojet Rocketdyne, Inc.*

11

Exhibit 1
Page 18

BRIAN MARKUS

Dated: _____  By: _____
                           Brian Markus
                           *Individually and as Relator Pursuant to*
                           *31 U.S.C. § 3730(c)(3)*


AEROJET ROCKETDYNE HOLDINGS, INC. and
AEROJET ROCKETDYNE, INC.

Dated: _____  By: _____

                       Its: _____


APPROVED AS TO CONTENT BY:

Dated: _____  By: _____
                           Louis R. Miller
                           *Attorney for United States of America ex rel.*
                           *Brian Markus*

Dated: 6/29/2022       By: _____
                           Gregory A. Thyberg
                           *Attorney for United States of America ex rel.*
                           *Brian Markus*

Dated: 6/29/2022       By: _____
                           Mark Holscher
                           *Attorney for Aerojet Rocketdyne Holdings, Inc.*
                           *and Aerojet Rocketdyne, Inc.*

11

Exhibit 1
Page 19

# EXHIBIT A

Exhibit 1
Page 20

```
 1  LOUIS R. MILLER (State Bar No. 54141)
    smiller@millerbarondess.com
 2  DAVID W. SCHECTER (State Bar No. 296251)
    dschecter@millerbarondess.com
 3  NICHOLAS E. GARVER (State Bar No. 322730)
    ngarver@millerbarondess.com
 4  MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 1000
 5  Los Angeles, California 90067
    Telephone: (310) 552-4400
 6  Facsimile: (310) 552-8400

 7  GREGORY A. THYBERG (State Bar No. 102132)
    greg@thyberglaw.com
 8  THYBERGLAW
    3104 O STREET #190
 9  SACRAMENTO, CALIFORNIA 95816
    Telephone: (916) 204-9173
10
11  Attorneys for Relator
    BRIAN MARKUS
12
```

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA: ex rel. BRIAN MARKUS, an individual,<br><br>      RELATOR,<br><br>   v.<br><br>AEROJET ROCKETDYNE HOLDINGS, INC., a corporation and AEROJET ROCKETDYNE, INC. a corporation,<br><br>      Defendants. | CASE NO. 2:15-cv-2245-WBS-AC<br><br>**STIPULATED REQUEST FOR APPROVAL OF FCA SETTLEMENT AND DISMISSAL**<br><br>*Filed Concurrently with Lodged Proposed Order*<br><br>The Hon. William B. Shubb |
|---|---|

STIPULATED REQUEST FOR APPROVAL OF FCA SETTLEMENT AND DISMISSAL

Exhibit 1
Page 21

Relator Brian Markus ("Relator"), Defendants Aerojet Rocketdyne Holdings, Inc. and Aerojet Rocketdyne, Inc. (together, "Aerojet Rocketdyne"), hereby jointly stipulate and agree as follows:

**WHEREAS**, on October 29, 2015, Relator filed a Complaint under seal in this Court naming Aerojet Rocketdyne as a defendant and asserting claims under the False Claims Act;

**WHEREAS**, the United States declined to intervene;

**WHEREAS**, Relator filed a Second Amended Complaint against Aerojet Rocketdyne on January 4, 2019 that included claims for Promissory Fraud in Violation of 31 U.S.C. §3729(a)(1)(A); False or Fraudulent Statement or Record 31 U.S.C. §3729(a)(1)(B); Conspiracy to Submit False Claims 31 U.S.C. §3729(a)(1)(C); Retaliation in Violation of 31 U.S.C. §3730(h); Misrepresentation in Violation of Labor Code §970; and Wrongful Termination in Violation of Public Policy;

**WHEREAS**, on May 8, 2019, this Court dismissed Relator's claim for Conspiracy to Submit False Claims and granted Aerojet Rocketdyne's Motion to Compel the employment-related claims to arbitration;

**WHEREAS**, on February 1, 2022, this Court granted Aerojet Rocketdyne's Motion for Summary Judgment as to Relator's false certification claim, but denied summary judgment as to the promissory fraud claim;

**WHEREAS**, jury trial commenced in this Court on Relator's promissory fraud claim on April 26, 2022;

**WHEREAS**, on the second day of trial, April 27, 2022, the Parties informed the Court that they had reached a global

1  settlement of all disputes between Relator and Aerojet
2  Rocketdyne, the Parties placed the terms of that settlement on
3  the record, and the Parties asked the Court for thirty days to
4  document the settlement;

5  **WHEREAS**, the Court discharged the jury and ordered the
6  Parties to file a request for dismissal within thirty days, which
7  deadline has since been extended by the Court based on the
8  Parties' stipulated request;

9  **WHEREAS**, the Parties have documented the False Claims Act
10 settlement, which is attached as Exhibit A to this stipulation
11 (the "FCA Settlement");

12 **WHEREAS**, the Parties desire for the Court to approve the
13 settlement and dismiss this case with prejudice as to Relator and
14 without prejudice as to the United States.

15 **THEREFORE, THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

16 This case, including all employment related claims currently
17 pending in arbitration, shall be dismissed with prejudice as to
18 Relator and without prejudice as to the United States.

20 DATED: June ___, 2022         MILLER BARONDESS, LLP

22                                    By: _____
23                                         DAVID W. SCHECTER
                                           Attorneys for Relator
24                                         BRIAN MARKUS

2
STIPULATED REQUEST FOR APPROVAL OF FCA SETTLEMENT AND DISMISSAL

Exhibit 1
Page 23

```
 1 | DATED: June ___, 2022        KIRKLAND & ELLIS LLP
 2 |
 3 |                              By: _____
 4 |                                  MARK HOLSCHER
                                      TAMMY A. TSOUMAS
 5 |                                  ASHLEY NEGLIA
                                      SABLE HODSON
 6 |                                  Attorneys for Defendants
                                      AEROJET ROCKETDYNE
 7 |                                  HOLDINGS, INC. and AEROJET
                                      ROCKETDYNE, INC.
 8 |
 9 |
10 |
...
28 |
```

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400